STATE of Minnesota, Respondent,

v.

Sam RICHARDS, Appellant,

Stanley R. Richards, Appellant.

Nos. 48643, 48644.

Supreme Court of Minnesota.

Oct. 12, 1979.

---

C. Paul Jones, Public Defender, and Kathy A. King, Asst. Public Defender, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, James R. Clifford, County Atty., Center City, for respondent.

SCOTT, Justice.

Defendants, who were found guilty of charges of transporting uncased guns in a motor vehicle, a misdemeanor (Minn.St. 100.29, subd. 5, and 97.55, subd. 1), and illegal shining for wild animals, a gross misdemeanor (Minn.St. 100.29, subd. 10, and 97.55, subd. 9), contend on this appeal from judgment of conviction that the conservation officers violated their Fourth Amendment rights and that the evidence of their guilt of these offenses was legally insufficient.[1] We affirm.

1. Minn.St. 100.29, subd. 5, reads in relevant part as follows: "Except as permitted by section 98.48, subdivision 10, it shall be unlawful * * * to transport any firearm except a pistol or revolver in a motor vehicle * * * unless the same is unloaded in both barrels and magazine and completely contained in a gun case expressly made for that purpose which is fully enclosed by being zipped, snapped, buckled, tied, or otherwise fastened, with no portion of the firearm exposed, or unless unloaded and contained in the trunk of the care with the trunk door closed."

Minn.St. 100.29, subd. 10, reads in relevant part as follows: "It shall be unlawful to throw or cast the rays of a spotlight, headlight, or

Conservation officers, who had set up surveillance of a field near the St. Croix River for the purpose of catching hunters illegally shining for wild animals, observed the truck in which defendants were riding slowly approach them on the roadway while the driver shined a separate spotlight on the field in a sweeping manner. The officers stopped the truck and quickly approached the cab. One of the officers shined a flashlight in through the window and observed in open view a partially cased rifle next to the driver's legs. Later, after hearing this officer order the defendants to open the door, the other officer opened the passenger's door and observed another partially uncased gun, also in open view. They seized both the guns, as well as a spotlight which was on the floor of the truck and which was plugged into the cigarette lighter. Both guns were determined to be loaded. Defendants were taken to a nearby town where they were cited and released, but their truck was impounded pursuant to Minn.St. 97.50, subd. 6, which is a forfeiture statute. A subsequent inventory search of the vehicle resulted in the discovery of more evidence.

■ We need not decide whether the initial observations of the officers, before they stopped the truck, gave them probable cause to believe that they had witnessed a violation of the statute, something which would have justified both an arrest and a warrantless search under the motor vehicle exception to the warrant requirement. We do not need to decide this issue because (a) they clearly had reasonable grounds for stopping the truck for minimally intrusive investigative questioning, see, *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), and *State v. McKinley*, 305 Minn. 297, 232 N.W.2d 906 (1975); (b) upon doing this and before they ever actually entered the vehicle one of the officers saw through the window and in open view a partially uncased gun;[2] (c) this observation provided them with all they needed in the way of probable cause; and (d) under the motor vehicle exception they at that point clearly had the right to enter and search and/or seize, see, *State v. Yaeger*, 277 N.W.2d 405 (Minn.1979), *State v. Tungland*, 281 N.W.2d 646 (Minn.1979), *State v. Landon*, 256 N.W.2d 89 (Minn.1977), and *State v. Lee*, 302 Minn. 382, 225 N.W.2d 14 (1975). The seizure of the guns and the spotlight would have been justified even if defendant had not been arrested, see, *State v. Lee, supra*. With respect to the seizure of the other items pursuant to the impoundment of the truck, one need say only that (a) the impoundment was required by a forfeiture statute applying to certain game law violations, see, Minn.St. 97.50, subd. 6, and *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), and (b) normal inventory procedures approved by this court—see, *City of St. Paul v. Myles*, 298 Minn. 298, 218 N.W.2d 697 (1974)—were followed.

■ There is no merit to defendants' contention that the evidence of their guilt was legally insufficient.

Affirmed.

other artificial light on any highway, or in any field, woodland, or forest, for the purpose of spotting, locating or taking any wild animal, except raccoons when treed with the aid of dogs while on foot, while having in possession or under control, either singly or as one of a group of persons, any firearm, * * * unless the firearm is unloaded in both barrels and magazine and completely contained in a gun case expressly made for that purpose which is fully enclosed by being zipped, snapped, buckled, tied, or otherwise fastened with no portion of the firearm exposed, and, as so enclosed, the firearm is contained in the trunk of the car with the trunk door closed * * * provided, however, that if the vehicle has no trunk, the firearm * * * must be placed in the rearmost location in the vehicle. When artificial lights are used to take raccoon when treed with the aid of dogs while on foot, the rifles used to take raccoon shall not be of a larger caliber than .22 rim-fire, and shotguns so used shall only contain shells with shot no larger than No. 4. Artificial lights to take raccoon when treed with the aid of dogs while on foot shall be legal."

2. As to whether the officers could have opened the door before one of the officers peered in and observed the gun, see, *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), and *State v. Ferrise*, 269 N.W.2d 888 (Minn.1978).