STATE of Minnesota, City of Minnetonka, Appellants,

v.

Donald Joseph POUPARD, Respondent.

No. C9–91–39.

Court of Appeals of Minnesota.

June 11, 1991.

---

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Patrick W. Ledray, Minnetonka Sp. Prosecutor, Fridley, for appellants.

David V. Anderley, Edina, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and MULALLY,* JJ.

## OPINION

HUSPENI, Judge.

Appellant State of Minnesota challenges the trial court's pre-trial dismissal of one count of carrying a pistol without a permit. Minn.Stat. § 624.714, subd. 1 (1990). We reverse and remand for trial.

## FACTS

On May 3, 1990, a state highway patrolman stopped a Cadillac driven by respondent Donald J. Poupard after observing the vehicle make a number of lane changes without signaling. The officer, after noting signs of alcohol consumption, administered a consensual preliminary breath test. Respondent failed the breath test and performed poorly on field sobriety tests. Based on the test results, the trooper placed respondent under arrest for driving while intoxicated (DWI) and read him the implied consent advisory. Respondent refused further testing and did not respond to police questioning.

Following the arrest, during a routine inventory search of the Cadillac, a trooper found a loaded .38 caliber pistol in a zippered leather bag in the center console between the front seats. When asked whether the gun belonged to him, respondent refused to answer. The trooper later learned that respondent did not have a permit to carry the weapon.

Respondent alleged in his affidavit submitted to the trial court in support of his motion to dismiss that he was the owner of the Hungry Pilgrim Restaurant located at Interstate 494 and Highway 55. Respondent further stated that the gun found in his car was formerly in the restaurant safe and was being transported to his home located near the intersection of Interstate 494 and Highway 62. He explained that the transfer was necessary because the restaurant had been sold and new owners were taking possession on May 12, 1990.

Respondent further alleged that on his way home, he stopped at the Hopkins House Restaurant (located at 1501 Highway 7, Hopkins). He explained that he intended to deliver kitchen equipment, but admitted to the arresting officer that he had had a few drinks while at the Hopkins House.

On June 27, 1990, respondent was charged by complaint with one count of carrying a pistol without a permit, Minn. Stat. § 624.714, subd. 1 (1990), and one count of DWI, Minn.Stat. § 169.121, subd. 1(a) (1990). The parties agreed to submit to the court both the issue of probable cause and respondent's motion to dismiss for lack of evidence, based on the complaint, police reports and respondent's affidavit.

Based on these submissions, the trial court dismissed the weapons count concluding:

> This Court finds that the State has not proffered any evidence to support the allegation that defendant was not carrying his pistol between his dwelling and place of business as is permissible pursuant to Minn.Stat. § [6]24.714, subd. 9(c).

The state challenges the trial court's dismissal of the weapons charge and brings this appeal pursuant to Minn.R.Crim.P. 28.04.

## ISSUES

1. Is the state entitled to bring this appeal as of right pursuant to Minn. R.Crim.P. 28.04?

2. Did the trial court err by dismissing the weapons charge after concluding the state had not met its burden of showing that respondent was not on his way home?

## ANALYSIS

### I.

Appellant argues that this matter is appealable as of right. We agree. Minn.R.Crim.P. 28.04, subd. 1(1), confers upon a prosecuting attorney the right to appeal to the Court of Appeals:

pursuant to Minn. Const. art. VI, § 2.

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

in any case, from a pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense.

Dismissals for lack of probable cause are appealable, however, where the dismissal is predicated on an error of law. *See State v. Skjefte*, 428 N.W.2d 91, 95–6 (Minn.App. 1988) (error in permitting defense to call victim as recantation witness and ruling victim's hearsay statements to police inadmissible); *State v. Diedrich*, 410 N.W.2d 20, 22–23 (Minn.App.1987) (error in interpreting statutory definition); *State v. Aarsvold*, 376 N.W.2d 518, 520 (Minn.App. 1985), *pet. for rev. denied* (Minn. Dec. 30, 1985) (error in ruling that possession of cocaine not appropriate predicate felony for application of felony murder rule).

In this case, the trial court's order dismissing the charge does not state that the dismissal was based on a lack of probable cause. Rather, it appears the trial court interpreted the statute to place the burden on the state to show that respondent was not on his way home at the time of his arrest, and dismissed on this ground. If this interpretation is erroneous, it would constitute an error of law. Accordingly, we conclude that the state's appeal is properly before the court.

## II.

■ Generally, in reviewing pretrial prosecution appeals, this court

will only reverse the determination of the trial court if the state demonstrates clearly and unequivocally that the trial court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial.

*State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977). At the outset, the dismissal of a charge clearly has a critical impact on the outcome of the trial. Our analysis, therefore, will focus on the first element of the test.

■ Minn.Stat. § 624.714, subd. 1 (1990) provides in part:

A person * * * who carries, holds or possesses a pistol in a motor vehicle * * * or on or about the person's clothes or the person, or otherwise in possession or control in a public place or public area without first having obtained a permit to carry the pistol is guilty of a gross misdemeanor.

The statute, however, also provides: "[A] permit to carry is not required of a person * * * [t]o carry a pistol between the person's dwelling house and place of business." Minn.Stat. § 624.714, subd. 9(c).

Appellant argues first that the trial court improperly interpreted the effect of Minn. Stat. § 624.714, subd. 9(c) upon the weapons charge. We agree. Respondent contends, and the trial court seemingly ruled, that the state carried the burden of showing subdivision 9(c) did not apply. We conclude, however, that respondent had the burden of going forth with evidence that he was traveling between his dwelling and place of business.

In *State v. Paige*, 256 N.W.2d 298, 303 (Minn.1977), a case interpreting the language of section 624.714, the supreme court ruled that the language "without a permit" did not constitute an element of the crime, but rather an exception to the rule. The court reasoned:

[Minn.Stat. § 624.714, subd. 1] is * * * properly characterized as a "general prohibition": Anyone having a firearm in a public place may be prosecuted if he has no permit. "Without a permit" is not an element of the crime, but only indicates that some persons *cannot* commit the offense by reason of having a valid permit.

*Id.* (emphasis in original). Therefore, the supreme court concluded that the defendant properly carried the burden of production to show "some evidence of a permit." *Id.* at 304. Once a defendant presents a prima facie showing of a permit,

the overall presumption of innocence operates to shift the burden back onto the state to show the invalidity of the permit, or violation of the terms of the permit. Once the defendant has come forward initially with evidence of the permit, the

state's difficulty in "proving a negative" is alleviated, making it reasonable for the state to disprove the defense.

*Id.; see also State v. Charlton,* 338 N.W.2d 26, 30–31 (Minn.1983) (court places initial burden on defense to show duress defense). The trial court apparently interpreted the language in subdivision 9(c) to constitute an element of the offense. We find the *Paige* rationale compelling in interpreting the appropriate allocation of burdens under Minn.Stat. § 624.714, subds. 1 and 9(c).

■ Respondent here is in the best position to come forward with evidence that he was traveling between his business and his home at the time of his arrest. By placing the initial burden on the state to "proffer evidence" that respondent was *not* on his way home, the court put the state in the impossible position of proving a negative. The state presented unrefuted evidence in the form of the police report that respondent deviated from the direct route to his home to stop at the Hopkins House and to have several drinks while there. Thus the state presented sufficient evidence to rebut respondent's argument that he was merely on his way home when he was arrested. The state should be permitted to proceed to trial, at which time the issue of whether respondent comes within the exception of subdivision 9(c) may be presented to the fact-finder.

■ Next, appellant contends that the court applied the improper probable cause standard. The standard for granting a motion to dismiss for lack of probable cause is whether

> the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial.

*State v. Florence,* 306 Minn. 442, 459, 239 N.W.2d 892, 903 (1976). In deciding whether to grant a directed verdict, the trial court must determine "whether, as a matter of law, the evidence is sufficient to present a fact question for the jury's consideration." *Diedrich,* 410 N.W.2d at 22 (quoting *Paradise v. City of Minneapolis,* 297 N.W.2d 152, 155 (Minn.1980)).

Respondent maintains that the record before the trial court (e.g. the police report, complaint and respondent's affidavit) comes within the rationale of *Florence,* 306 Minn. at 459, 239 N.W.2d at 903, and, therefore, the only appropriate course for the trial court to take was to dismiss the charge. We disagree.

Even if we assume that the state waived its right to cross-examine respondent's assertions in his affidavit by agreeing to submit the case on a written record, we nevertheless conclude that the record contains ample additional evidence to preclude a grant of a directed verdict of acquittal. The testimony in respondent's affidavit did not contradict the information in the police reports. Once the state established the elements of the offense, and the defense presented a prima facie showing that subdivision 9(c) applied, the state came forward with additional evidence that respondent was on his way home from a drinking establishment, admitted having consumed alcohol, failed a preliminary breath test and performed poorly on field sobriety tests. The state presented sufficient evidence to raise a fact question for resolution by the jury.

■ Appellant further urges that any exception to the permit requirement must be construed narrowly. As respondent concedes, the public policy underlying the statute is to "prohibit criminal behavior," *State v. Folstrom,* 331 N.W.2d 231, 233 (Minn.1983), and to "protect innocent people from being injured by handguns." *State v. DeLegge,* 390 N.W.2d 10, 12 (Minn. App.1986). We believe that subdivision 9(c) was intended to carve out a narrow exception to the general requirement of obtaining a permit to carry a handgun. The expansive interpretation of the exception urged by respondent would substantially broaden the spectrum of conduct that would not require a permit. Under the rationale put forth by respondent, anyone with a proprietary interest in a business would be able to carry a loaded pistol in his car while traveling between home and work regardless of how indirect and far reaching the route. *Cf. Application of Atkinson,*

291 N.W.2d 396, 400 (Minn.1980) (rejecting interpretation that anyone driving an "appreciable distance" on public highway obtained right to carry weapon without permit, as gutting the statute). We hold, therefore, that the exception must be construed narrowly to avoid negating the general rule that a permit is required to carry a handgun and protect the public interest.

Finally, respondent raises a number of maxims of statutory construction that are inapposite. These rules are only applicable if the statute is ambiguous. *See* Minn.Stat. § 645.16 (1990). Neither party raises the ambiguity of the statutes in question.

## DECISION

The trial court erred by dismissing the charges where the state presented sufficient evidence to raise a question for jury resolution.

Reversed and remanded.