**STATE of Minnesota, Respondent,**

v.

**Phyllis Eugenia TAYLOR, Appellant.**

**No. C5–98–1180.**

Court of Appeals of Minnesota.

May 18, 1999.

**534**

Mike Hatch, Attorney General, St. Paul, MN and Jay M. Heffern, Minneapolis City Attorney, Margaret H. Culp, Assistant City Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Lawrence W. Pry, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, LANSING, Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge.

This appeal is from a judgment of conviction for gross-misdemeanor possession of a pistol without a permit, in violation of Minn.Stat. § 624.714, subd. 1 (1996). We affirm.

## FACTS

Minneapolis police received a report from Tyrone Smith that his sister-in-law, appellant Phyllis Eugenia Taylor, had pointed a pistol at him. Smith described the vehicle Taylor was in, and a police officer spotted a vehicle matching that description on the street. The officer stopped Taylor, who admitted she had a pistol for which she had no permit and told the officer it was in the vehicle. Police found the pistol in Taylor's purse, which was on the floor of the vehicle behind the passenger seat.

Taylor waived her right to a jury trial. The question of whether Taylor's possession of the pistol fit within one of the statutory exceptions to criminal liability for possessing a pistol in a motor vehicle without a permit was tried to the district court on stipulated facts.

The district court concluded that Taylor presented a prima facie case that the pistol was "contained in a closed and fastened case, gunbox, or securely tied package." *See* Minn.Stat. § 624.714, subd. 9(e) (1996) (providing exception to permit requirement). But the court concluded that the state proved beyond a reasonable doubt that this statutory exception did not apply. The court construed the statutory exception as requiring that the pistol be contained in such a way as to be disabled from ready access and use.

### ISSUE

Did Taylor's conduct fall within the exception in Minn.Stat. § 624.714, subd. 9(e) (1996), to criminal liability for possessing a pistol in a motor vehicle without a permit?

### ANALYSIS

Taylor argues that her conduct in carrying an unloaded pistol, for which she had no permit, inside a purse within a motor vehicle did not violate Minn.Stat. § 624.714 (1996). The construction of a statute is a legal issue, subject to de novo review on appeal. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

It is generally unlawful for a person to carry or possess a pistol in a motor vehicle without having a permit to do so. Minn.Stat. § 624.714, subd. 1(a). There are five statutory exceptions to the permit requirement, one of which allows a person, without a permit, to "transport a pistol in a motor vehicle, * * * if the pistol is unloaded, contained in a closed and fastened case, gunbox, or securely tied package." Minn. Stat. § 624.714, subd. 9(e).

The supreme court has held that having a valid permit is an affirmative defense for which the defendant has a burden "to come forward with some evidence of a permit." *State v. Paige*, 256 N.W.2d 298, 304 (Minn.1977). This court has held that the statutory exceptions to the permit requirement are also affirmative defenses for which the defendant has a burden of production. *State v. Poupard*, 471 N.W.2d 686, 689 (Minn.App.1991). The district court concluded that Taylor had carried her burden of production but that the state had sustained its ultimate burden of proving a statutory violation.

Taylor argues that the plain meaning of the term "case" in subdivision 9(e) includes a purse, citing *Webster's New Universal Unabridged Dictionary* 279 (2d ed.1983) (defining case as "a covering, box, sheath, crate, folder, etc.; that which encloses or contains"). Taylor argues that because a purse is something that "encloses or contains," it is a "case" within the meaning of the statute.

A court construes technical words in a statute according to their technical meaning and other words according to common and accepted usage. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). The court must construe the statutory language in context rather than defining each word in isolation from the others. *Waste Recovery Coop. v. County of Hennepin*, 475 N.W.2d 892, 895 (Minn. App.1991), *review denied* (Minn. Dec. 9, 1991).

The term "case" has a specific technical meaning in relation to firearms. There are numerous references both in caselaw and in other statutes to gun cases and "cased" or "uncased" firearms. *See* Minn.Stat. §§ 97B.041(2) (1998) (allowing person to possess firearm outdoors in deer zone just before or after deer season only if it is unloaded and "in a case or in a closed trunk" of vehicle), 97B.081, subd. 1(b) (1998) (defining offense of deer shining to exclude shining while possessing

unloaded firearm that is "in a gun case expressly made to contain a firearm" and in closed trunk of vehicle); *State v. Richards*, 284 N.W.2d 549, 551 (Minn.1979) (noting defendant convicted of deer shining had one "partially cased rifle" and one "partially uncased gun" in his vehicle); *State v. Butcher*, 563 N.W.2d 776, 778 (Minn.App.1997) (noting rifle that defendant possessed was illegal because it was uncased), *review denied* (Minn. Aug. 5, 1997); *see also State v. Jones*, 524 N.W.2d 172, 175 (Iowa 1994) (holding that zippered gun case is "closed and fastened" container for purposes of statute prohibiting carrying gun in motor vehicle).

In the statute at issue here, the term "case" is followed by the technical term "gunbox." Minn.Stat. § 624.714, subd. 9(e). We agree with the state that "case" should be construed in a similarly narrow sense. *See State v. Suess*, 236 Minn. 174, 182, 52 N.W.2d 409, 415 (1952) (holding that when words of similar but not equally comprehensive meaning are grouped together, general word is limited by special word). Pursuant to the doctrine of *noscitur a sociis*, a word should be construed with reference to the words around it. *See Nordling v. Ford Motor Co.*, 231 Minn. 68, 88, 42 N.W.2d 576, 587 (1950). Not only would it be anomalous to construe "case" as broadly as Taylor suggests, when it is followed in the statute by so specialized a term as "gunbox," but also to do so would render the term "gunbox" completely superfluous. *See generally Owens v. Federated Mut. Implement & Hardware Ins. Co.*, 328 N.W.2d 162, 164 (Minn.1983) (citing general principle that statute should be construed as whole and, whenever possible, no word or phrase should be deemed superfluous). If, as Taylor argues, a "case" includes anything that encloses or contains, then the term "gunbox," referring to a particular type of "case," adds nothing to the statute.

Taylor advances a very broad and impractical construction of the statutory exception. In *Poupard*, this court construed one of the other statutory exceptions as "carv[ing] out a narrow exception to the general requirement of obtaining a permit to carry a handgun." 471 N.W.2d at 690. The court in *Poupard* noted that the defendant's "expansive interpretation" would substantially broaden the scope of permissible conduct. *Id.* The court concluded

> that the exception must be construed narrowly to avoid negating the general rule that a permit is required to carry a handgun and protect the public interest.

*Id.* at 691.

A purse not only is a very common container but also is one that may serve more effectively to conceal a handgun than to restrict access by a vehicle's driver or other possessor of the gun, as the statute seems intended to ensure. And a gun "case," like a "gunbox," gives warning to other people that it contains a weapon, unlike a purse or other container ordinarily not associated with a weapon.

We conclude that the word "case" should be construed as having a limited, technical meaning similar to "gunbox," the word that follows it. This construction avoids rendering the term "gunbox" superfluous. It also avoids giving this exception to the statutory permit requirement a substantial and unintended breadth. *See Utility Elec. Supply, Inc. v. ABB Power T & D Co.*, 36 F.3d 737, 740 (8th Cir.1994) (noting that doctrine of *noscitur a sociis* is wisely applied to avoid giving statutes unintended breadth). Accordingly, Taylor's conduct did not fit within the statutory exception, and her conviction must be affirmed.

## DECISION

The statutory exception to the pistol permit requirement that allows an unloaded pistol to be carried in a "case" does not apply to a purse. Taylor's conduct, therefore, violated Minn.Stat. § 624.714, subd. 1.

**Affirmed.**