**STATE of Minnesota, Appellant,**

v.

**Ronald Clifford LINVILLE,
Respondent.**

**No. C8–99–308.**

Court of Appeals of Minnesota.

July 6, 1999.

Mike Hatch, Attorney General, St. Paul;
and Jay M. Heffern, Minneapolis City At-
torney, Cheri A. Townsend, Assistant City
Attorney, Minneapolis, for appellant.

Geraldine Carlen Steen, Beckman & Steen, Minnetonka, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, PARKER,* Judge, and SCHULTZ, Judge.

## OPINION

SCHULTZ,** Judge.

The state appeals the district court's pretrial order dismissing the complaint against appellant for carrying a pistol without a permit. We reverse and remand.

## FACTS

On August 7, 1998, respondent Ronald Clifford Linville was at the Minneapolis/St. Paul airport en route from his home in Victoria, Minnesota, to Portsmouth, Rhode Island. Respondent was traveling to Rhode Island to attend a staff meeting at his employer's headquarters. While at the airport, security personnel discovered a handgun in respondent's carry-on suitcase as it went through the x-ray scanner. Upon request, respondent was unable to produce a permit for the gun.

Respondent was charged with possession of a pistol without a permit, a gross misdemeanor, in violation of Minn.Stat. § 624.714, subd. 1(a) (1998). He subsequently moved to dismiss the complaint for lack of probable cause. The district court granted the motion and dismissed the complaint, ruling that a permit was not required under the traveling from home to place-of-business permit exception, Minn. Stat. § 624.714, subd. 9(c) (1998). The state now appeals, arguing that the dismissal was predicated on legal error.

## ISSUES

I. Is the state entitled to bring this appeal?

II. Did the district court err in ruling that respondent was not required to have a permit for his handgun?

## ANALYSIS

### I. Right to Appeal

■ The state may appeal from any pretrial order "except an order dismissing a complaint for lack of probable cause." Minn. R.Crim. P. 28.04, subd. 1. A dismissal for lack of probable cause is appealable, however, if it "is based on a legal determination, such as the interpretation of a statute." *State v. Ciurleo*, 471 N.W.2d 119, 121 (Minn.App.1991).

■ Here, the district court interpreted Minn.Stat. § 624.714, subd. 9(c) (1998), as allowing respondent to carry a pistol without a permit from his home, through a public place, to a business located more than a thousand miles away. If the court's interpretation is erroneous, it constitutes an error of law. The appeal is properly before this court.

### II. Minn.Stat. § 624.714

■ The interpretation of a statute presents a legal issue, which we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985) (statutory construction is question of law); *see Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (appellate court need not defer to district court's analysis of purely legal issues).

■ When interpreting a statute, an appellate court must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1998). In so doing, we presume the legislature does not intend an absurd result and "intends the entire statute to be effective and certain." Minn. Stat. § 645.17(1), (2) (1998).

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Minn.Stat. § 624.714, subd. 1(a) (1998), provides:

A person * * * who carries, holds or possesses a pistol * * * on or about the person's clothes or the person, or otherwise in possession or control in a public place or public area without first having obtained a permit to carry the pistol is guilty of a gross misdemeanor.

A permit is not required, however, for the person "[t]o carry a pistol between the person's dwelling house and place of business." Minn.Stat. § 624.714, subd. 9(c). ▮ Minn.Stat. § 624.714 is characterized as a "general prohibition" of public firearm possession,

intended to prevent the possession of firearms in places where they are most likely to cause harm in the wrong hands, i.e., in public places where their discharge may injure or kill intended or unintended victims. The only exception to this rule is for persons who have demonstrated a need or purpose for carrying firearms and have shown their responsibility to the police in obtaining a permit.

*State v. Paige*, 256 N.W.2d 298, 303 (Minn. 1977). Further, the subdivision 9(c) exception is to be "construed narrowly to avoid negating the general rule that a permit is required to carry a handgun." *State v. Poupard*, 471 N.W.2d 686, 691 (Minn.App. 1991).

▮ Here, the district court interpreted Minn.Stat. § 624.714, subd. 9(c), to allow respondent to carry a handgun without a permit between his home and place of business, even though the place of business was more than 1,000 miles from home and despite the fact that respondent had to go through an airport (and board an airplane) to get to his destination. This interpretation is over broad and negates the intent and purpose of the statute.

Under the district court's interpretation, any person traveling between home and the person's place of employment, no matter how far away or how indirect the route, could carry a handgun without a permit. Such an interpretation, we believe, could result in a substantially increased number of persons carrying handguns without a permit and, therefore, must be rejected. *See Poupard*, 471 N.W.2d at 690 (rejecting expansive interpretation that "would substantially broaden the spectrum of conduct" not requiring a permit).

Further, to allow a person to possess a handgun without a permit in a public place, such as an airport, directly contradicts the statute's intended prohibition against guns in public places. And to accept the interpretation in its entirety would mean condoning the possession of handguns on commercial airliners, a violation of federal law. *See* 49 U.S.C. § 46505 (1994) (person shall be fined and/or imprisoned for attempting to board aircraft with concealed weapon).

One other permit exception also addresses carrying handguns from one place to another. Under Minn.Stat. § 624.714, subd. 9(b) (1998), a person may carry a pistol without a permit from the place where the pistol was purchased or repaired to the person's home or place of business. As with subdivision 9(c), this exception suggests short trips between home and place of business, not long journeys involving airports and air travel. The language of subdivision 9(b) and (c) also suggests that the purpose of the travel is to transport the handgun between home and business or from a place of purchase or repair to home or business, not to carry the gun on a business trip.

We conclude that the legislature intended to limit the subdivision 9(c) exception to travel between home and place of business when the two are in reasonable proximity to each other. Accordingly, respondent's conduct did not fit within the subdivision 9(c) exception.

## DECISION

The district court erred in ruling that, under Minn.Stat. § 624.714, subd. 9(c), re-

spondent did not need a permit to carry a pistol.

**Reversed and remanded.**