**STATE of Minnesota, Respondent,**

v.

**Mark Christian PALMER, Appellant.**

No. C9–01–559.

Court of Appeals of Minnesota.

Dec. 4, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Walter M. Kaminsky, Sherburne County Attorney, Thomas C. McNinch, Assistant County Attorney, Elk River, MN, for respondent.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by HALBROOKS, Presiding Judge, KALITOWSKI, Judge, and KLAPHAKE, Judge.

## OPINION

HALBROOKS, Judge.

Appellant Mark Palmer, an employee of Quick Silver Express Courier, challenges his conviction of possession of a handgun without a permit under Minn.Stat. § 624.714, subd. 1 (1998). He asserts that because his vehicle is his place of business, the exception stated in Minn.Stat. § 624.714, subd. 9(a) (1998), which allows possession of a handgun without a permit in one's "place of business," is applicable. Because we conclude that the exception contemplates a fixed-location business and not a vehicle, we affirm.

## FACTS

Appellant is employed as a courier for Quick Silver Express Courier. His duties require that he spend 95% of his workday in his car, using a phone and computer he paid for to conduct his work.

On February 8, 2000, an officer from the Elk River Police Department learned of a felony warrant for appellant's arrest. The officer saw appellant leave his house and subsequently stopped him in his car. In the ensuing inventory search, the officer found a loaded, uncased Beretta .32 pistol in an unfastened bag on appellant's front

seat. Appellant did not have a permit for possession of the gun.

Appellant was charged with possession of a handgun without a permit under Minn.Stat. § 624.714, subd. 1(a) (1998). He moved to dismiss for lack of probable cause, on the ground that the exception stated in Minn.Stat. § 624.714, subd. 9(a) (1998), applies because, given the nature of his employment, his vehicle is his "place of business." The trial court denied the motion, finding that the exception applies only in the context of a fixed-location business. Pursuant to *State v. Lothenbach,* 296 N.W.2d 854, 858 (Minn.1980), the parties stipulated to the facts and tried the case to the court. The trial court convicted appellant. This appeal follows.

### ISSUE

Is appellant's vehicle his "place of business" for purposes of the handgun-permit exception in Minn.Stat. § 624.714, subd. 9(a) (1998)?

### ANALYSIS

Appellant asserts that he is not required to have a permit for his handgun because, as a courier, his vehicle is his "place of business." Statutory construction is a question of law subject to de novo review. *State v. Taylor,* 594 N.W.2d 533, 535 (Minn.App.1999). Minn.Stat. § 624.714, subd. 1(a) (1998), provides in part that

[a] person, other than a law enforcement officer * * * who carries, holds or possesses a pistol in a motor vehicle, * * * or on or about the person's clothes or the person, or otherwise in possession or

control in a public place or public area without first having obtained a permit to carry the pistol is guilty of a gross misdemeanor.

Subdivision 9 of the statute provides for certain exceptions to the general rule, including the following:

(a) To keep or carry about the person's place of business, dwelling house, premises or on land possessed by the person a pistol.

Minn.Stat. § 624.714, subd. 9(a) (1998).

The scope of the exception in subdivision 9(a) (the "place of business" exception) presents this court with a statutory interpretation of first impression. "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2000). To that end, this court construes statutory language in context rather than defining each word in isolation. *Taylor,* 594 N.W.2d at 535. Further, we construe exceptions to firearm statutes "narrowly to avoid negating the general rule that a permit is required to carry a handgun and [to] protect the public interest." *State v. Poupard,* 471 N.W.2d 686, 691 (Minn.App.1991).

Appellant contends that a plain reading of the statute results in the conclusion that there is no fixed-location requirement. In support, he argues that the statute recognizes that some businesses are mobile, such as traveling cooks, journalists, etc. In addition, appellant argues that if the legislature intended a "fixed-location" condition, it would have included it as other jurisdictions have.[1] Finally, appellant argues that because individuals associated with mobile businesses have just as much

---

1. *See* Ala.Code § 13A–11–73 (1975) ("No person shall carry a pistol * * * except on his land, in his own abode or *fixed place of business* * * *.") (emphasis added); 18 Pa. Cons. Stat. Ann. § 6106(a) (2000) ("[A]ny person who carries a firearm * * * except in his place of abode or *fixed place of business* * * *.") (emphasis added). The current Pennsylvania statute does not differ in any relevant or material way from the statute in effect at the time of the offense.

need for protection as those with fixed-location businesses, the intent of the statute would be served by including them within the exception to the permit requirement.

We disagree with appellant's interpretation of the statute. First, the statutory language itself indicates an intent to limit "place of business" to a fixed location. Reading the subsection in its entirety creates a context of permanency, as the other specified locations (i.e., dwelling, premises, and land possessed) are all of a permanent, fixed nature. This, in turn, implies that "place of business" contemplates a permanency as well. Moreover, the title of subdivision 9 refers to "[c]arrying pistols about one's premises," which strongly implies a fixed location. *See, generally, Lecy v. Sage Co.*, 460 N.W.2d 102, 105 (Minn. App.1990) (holding that statutory title may be considered although it is not determinative of legislative intent), *review denied* (Minn. Oct. 25, 1990). As a result, a fair reading of the statutory language results in the conclusion that mobile businesses are not within the exception to the permit requirement.

In addition, this court's previous interpretations of the statute suggest that mobile businesses should not be included in the exception. As previously noted, Minn. Stat. § 624.714 (1998) is a statute of general prohibition, and, accordingly, any exceptions are narrowly construed. This court previously considered a similar claim in the context of a challenge to a different exception to the permit requirement. In *State v. Linville*, we held that the exception in Minn.Stat. § 624.714, subd. 9(c), which allows permitless transporting of a pistol between a person's dwelling and place of business, must be narrowly construed to apply only to circumstances when the two locations are in reasonable proximity to each other. *State v. Linville*, 598 N.W.2d 1, 3 (Minn.App.1999). There,

we expressed concern that reading the exception to allow permitless possession of a handgun regardless of the distance traveled or the directness of the route of travel contravenes the statutory intent. Here, both the statutory intent and the possible repercussions remain the same.

Finally, reading this statute with a fixed-location condition would be consistent with several other courts' interpretations of similar statutes. *United States v. Waters*, 73 F.Supp. 72, 73–74 (D.D.C.1947), *case certified*, 84 U.S.App.D.C. 127, 175 F.2d 340, 343 (D.C.Cir.1948), *appeal dismissed*, 335 U.S. 869, 869, 69 S.Ct. 168, 93 L.Ed. 413 (1948); *People v. Brooks*, 87 Mich.App. 515, 275 N.W.2d 26, 26 (1978); *Lattimore v. State*, 65 Tex.Crim. 490, 145 S.W. 588, 590 (1912). Therefore, we narrowly construe the exception and exclude mobile businesses from its application.

### DECISION

The district court properly denied appellant's motion to dismiss because the place-of-business exception to the statute requiring a permit to possess a handgun applies only to a fixed-location business.

**Affirmed.**