**Gordon PETRICK, Respondent,**

v.

**TRANSPORT INSURANCE COMPANY, Appellant.**

**No. C9-83-1386.**

Court of Appeals of Minnesota.

Feb. 15, 1984.

Review Denied April 25, 1984.

Jardine, Logan & O'Brien, St. Paul, for appellant.

Seifert, Weinard & Maertz, Bloomington, for respondent.

Heard, considered, and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

Transport Insurance Company appeals from an order granting partial summary judgment to Gordon Petrick on the issue of entitlement to no-fault benefits and from a judgment entered in Petrick's favor in the amount of $10,000 plus interest. Transport contends that the injury sustained by Petrick did not arise out of the maintenance or use of a motor vehicle as a vehicle, and therefore is not compensable under no-fault insurance. We affirm.

## FACTS

Petrick was employed by Briggs Transportation Company as a truck driver. Transport provided no-fault insurance benefits for Briggs Transportation motor vehicles at the time of the accident. On July 21, 1977, Petrick was assigned a tractor and a trailer to make deliveries. When Petrick arrived at his second destination, his trailer was approximately one quarter full. Petrick backed the trailer up to the loading dock. He put on the parking brake and blocked the rear wheels. He does not remember if he turned off the engine.

Because Petrick intended to unload freight, he took a bill of lading to the receiving clerk. Petrick and the receiving clerk went to the truck to see what freight would be removed first to determine which equipment (a pallet, cart, or two-wheeler) was needed in unloading the truck. Petrick opened the door of the trailer from inside the terminal dock. It was dark. No light shone into the trailer from the dock. After walking into the trailer, Petrick slipped on some oil which was on the floor of the trailer. Petrick did not know where the oil came from and could only speculate as to its origin.

Petrick received worker's compensation benefits for the back injury which resulted from the fall. Petrick instituted this action to recover basic economic loss benefits pursuant to Minn.Stat. § 65B.41 *et seq.* and Transport's contract of insurance with Briggs Transportation. Transport had refused to pay no-fault benefits on the ground that Petrick's injury did not arise out of the maintenance or use of a motor vehicle as a vehicle.

The parties have stipulated that Petrick's wage loss arising from the injury would entitle him to the maximum policy limit of $10,000 if the insurance covers the injury.

## ISSUE

The issue on appeal is whether Petrick's injury arose out of the maintenance or use of a motor vehicle and is therefore compensable under the no-fault statute.

## ANALYSIS

Minn.Stat. § 65B.44, subd. 1 (1982), provides that:

> [b]asic economic loss benefits shall provide reimbursement for all loss suffered through injury arising out of the maintenance or use of a motor vehicle * * *.

The definition of maintenance or use of a motor vehicle is set forth in Minn.Stat. § 65B.43, subd. 3 (1982).

> "Maintenance or use of a motor vehicle" means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it. Maintenance or use of a motor vehicle does not include * * * (2) conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into or alighting from it.

In *Galle v. Excalibur Ins. Co.*, 317 N.W.2d 368 (Minn.1982), the Supreme Court consolidated two truck loading/unloading cases involving three different claimants. The Court applied a three-step analysis:

1. Was the plaintiff engaged in conduct in the course of loading or unloading the vehicle?

2. Was the plaintiff occupying, entering or alighting from the vehicle at the time of the injury?

3. Did the injury arise out of the "maintenance or use of a motor vehicle as a vehicle?" *Id.* at 369–70.

The first two questions are easily decided in this case. Petrick was inspecting the contents of the trailer to decide which equipment was needed to unload the truck. Therefore, it can be fairly said that he was engaged in conduct in the course of unloading a vehicle. Regarding the second requirement, it is undisputed that Petrick was entering into or occupying the truck.

In considering the third question, it is helpful to analyze the fact situations in *Galle.* Galle and Schroedl were employed as truck drivers who picked up and delivered freight on assigned city routes. Schroedl injured his back when he attempted to lift a heavy crate from the floor of his truck, which was parked at the loading dock. Galle was injured when he attempted to lift a heavy box. He was standing inside the trailer unloading cargo onto the loading dock. Standfield was employed to drive a delivery truck, and to load and unload freight. He was injured when he went to the rear of his trailer intending to open the door and retrieve his two-wheel dolly from inside. As the door opened, a cable broke, jamming the door, and causing Standfield to fall forward and injure himself. At the time of his injury, Standfield's truck was parked at the loading dock. The Supreme Court had "no hesitation" in finding that Standfield's injury was encompassed within the No-Fault Act. *Id.* at 370. The Supreme Court denied no-fault benefits to Galle and Schroedl, finding that their injuries from lifting cargo were work related, rather than the result of an accident involving the use of a vehicle. In considering the facts which gave rise to Petrick's injury, the trial court judge compared the factual situations in *Galle:*

> The facts of the instant case lie between the two situations in *Galle* and most clearly resemble those in Standfield's case. Plaintiff was injured by and within the vehicle by slipping on oil which had permeated the truck floor and by striking the truck floor. The injury was, therefore, causally related to the use of the vehicle.

This court recently considered the definition of "arising out of the maintenance and use of a motor vehicle" in *Meric v. Mid-Century Ins. Co.*, 343 N.W.2d 688 (Minn.App.1984). In *Meric*, we held that an injury arises out of the maintenance or use of a motor vehicle as a vehicle if it is causally connected with the use of the vehicle for transportation purposes. *See also Haagenson v. National Farmers Union Property and Casualty Co.*, 277 N.W.2d 648 (Minn.1979). The connection required is "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury. It is enough 'if the injury is a natural and reasonable incident or consequence of the use of the vehicle.'" *Tlougan v. Auto-Owners Ins. Co.*, 310 N.W.2d 116, 117 (Minn.1981) (quoting *Haagenson*, 277 N.W.2d at 652). As noted in *Holm v. Mutual Service Casualty Ins. Co.*, 261 N.W.2d 598 (Minn.1977), "the vehicle itself must be an *active* accessory" to the injury. *Id.* at (quoting *National Mutual Casualty Co. v. Clark*, 193 Miss. 40, 7 So.2d 805 (1942)).

- - -

The vehicle here was being used for the transportation of goods. The injury occurred as a result of Petrick slipping on the oil spill in the vehicle. Although the source of the oil is unknown, its presence is undoubtedly attributable to the use of the truck for transportation of goods on this or an earlier occasion. This vehicle was more than a mere situs of the injury. The condition of the vehicle itself caused Petrick to slip and fall. This condition makes the vehicle an active accessory to the injury.

## DECISION

This court finds the requisite causal connection between "the use of the vehicle as a vehicle" and Petrick's fall. The injury was a natural and reasonable incident of the use of the vehicle for transportation of goods and people. Petrick's injury is similar to the injury suffered by Standfield in the *Galle* case because it was caused by the condition of the truck itself. It is distinct from the injuries of Schroedl and Galle, which were caused by lifting crates independent of the truck. The decision of the district court is affirmed.