Stanley L. ANDERSON, Appellant,

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, possibly known as CNA Insurance Company, State Farm Mutual Insurance Company, Respondents.

No. C0–92–1767.

Court of Appeals of Minnesota.

March 9, 1993.

Review Granted May 11, 1993.

William E. Jepsen, Karon, Jepsen & Daly, St. Paul, for appellant.

Michael W. McNee, Katherine A. McBride, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for American Cas. Co. of Reading, PA, etc.

Emilio R. Giuliani, Labore & Giuliani, Ltd., Hopkins, for State Farm Mut. Ins. Co.

Considered and decided by CRIPPEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Stanley Anderson appeals from an order granting summary judgment for respon-

dents on the ground that there was no causal connection between his injuries and the maintenance or use of a motor vehicle. We reverse.

## FACTS

Appellant Stanley Anderson drove to his home in a tractor towing a lowboy trailer with a bulldozer on the trailer, intending to do some earth grading at his residence.

The next morning, Anderson started the bulldozer and let it run for five or ten minutes. In order to get the bulldozer off the trailer, Anderson put a ramp down. Anderson stated in his deposition that there was nothing wrong with the ramp, the bulldozer or the trailer. After unfastening the lines that secured the bulldozer, Anderson described the accident as follows:

> I got on the machine and raised up the attachments and went to drive off and the back part of the rear duals, it's all metal, and I got on that and it just slid sideways. You know, it was a little dew on the machine in the morning, and it slid sideways and went off sideways.

Appellant was injured as a result of this accident and submitted a claim for personal injury protection benefits to respondent American Casualty. Appellant had an insurance policy with American Casualty covering the trailer. He also had an insurance policy with respondent State Farm covering his Ford Escort. Following the denial of benefits, appellant brought this action against both American Casualty and State Farm.

The trial court granted respondents summary judgment. The court concluded that the tractor and trailer were "merely a stationary situs of [appellant's] injury." The court concluded that the bulldozer was not a "motor vehicle" within the meaning of the act, but that the tractor and trailer were. Thus the court concluded that "[appellant's] alleged injury did not arise out of the maintenance or use of a motor vehicle and therefore, no causal connection exists between the alleged injury and maintenance or use of the motor vehicle." This appeal followed.

## ISSUE

Did the trial court err in determining that appellant's injuries did not arise out of the maintenance or use of a motor vehicle?

## ANALYSIS

On appeal from summary judgment, the role of the reviewing court is to review the record to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). Summary judgment is appropriate when no material issues of fact exist and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03.

### I. *Arising Out of the Use of a Motor Vehicle*

Appellant contends that his injuries arose out of the use of a motor vehicle within the meaning of the Minnesota No–Fault Act.

Minn.Stat. § 65B.44, subd. 1 (1990), provides:

> Basic economic loss benefits shall provide reimbursement for all loss suffered through injury arising out of the maintenance or use of a motor vehicle.

The Act defines "maintenance or use of an automobile" as:

> maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it. Maintenance or use of a motor vehicle does not include * * * conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into or alighting from it.

Minn.Stat. § 65B.43, subd. 3 (1990).

For an injury to arise out of the use of a motor vehicle, a court must first find some causal connection between the injury and the use of the vehicle. *Tlougan v. Auto–Owners Ins. Co.*, 310 N.W.2d 116, 117 (Minn.1981). The requisite connection between the use and the injury is "something less than proximate cause in the tort

sense and something more than the vehicle being the mere situs of the injury." *Id.* The vehicle itself must be an "active accessory" to the injury sustained. *Holm v. Mutual Serv. Cas. Ins. Co.*, 261 N.W.2d 598, 603 (Minn.1977). Each case turns to a great degree on the particular facts presented. *Associated Indep. Dealers, Inc. v. Mutual Serv. Ins. Cos.*, 304 Minn. 179, 182, 229 N.W.2d 516, 518 (1975).

■ If a court finds the requisite degree of causation, it should next determine whether an act of independent significance occurred, breaking the causal link between the use of the vehicle and the injuries inflicted. *Continental W. Ins. Co. v. Klug*, 415 N.W.2d 876, 878 (Minn.1987). If a court finds causation and no intervening independent act, it must determine whether the use of the vehicle was for transportation purposes. *Id.*

■ We find *Petrick v. Transport Ins. Co.*, 343 N.W.2d 876 (Minn.App.1984), *pet. for rev. denied* (Minn. Apr. 24, 1984), persuasive on the issue of causation. In *Petrick*, a driver preparing to unload a vehicle slipped on oil as he entered a trailer. The court concluded:

> The vehicle here was being used for the transportation of goods. The injury occurred as a result of Petrick slipping on the oil spill in the vehicle. Although the source of the oil is unknown, its presence is undoubtedly attributable to the use of the truck for transportation of goods on this or an earlier occasion. This vehicle was more than a mere situs of the injury. *The condition of the vehicle itself caused Petrick to slip and fall. This condition makes the vehicle an active accessory to the injury.*

*Id.* at 879 (emphasis added).

*Petrick* is similar to the case before this court. Both accidents occurred on trailers. The trailers were stationary at the time of the accident. The injured parties were preparing to unload the trailers. The condition of the vehicle—i.e. something slippery on the surface of the trailer—caused the injury. It is true that in this case, an instrumentality between the injured party and the trailer, the bulldozer, slipped and caused the injury. What is important, however, is not whether the injured party's foot or the bulldozer slipped, but that the party's injuries were due to a condition of the vehicle. As *Petrick* made clear, the condition of the vehicle (i.e. the fact that the surface of the trailer was slippery) makes the vehicle an active accessory.

## II. *Other Issues*

For the first time on appeal, respondent American Casualty raises the issues of whether appellant was entitled to personal injury protection benefits pursuant to the policy issued by American Casualty, and, if appellant had been entitled to benefits, whether the priority section of the No-Fault Act would have mandated that State Farm make those payments. Since these issues were not raised in and decided by the trial court, this court cannot review them. *See Casey v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 736, 739 (Minn. App.1991), *pet. for rev. denied* (Minn. Apr. 5, 1991).

## DECISION

The trial court erred in granting summary judgment for respondents. Appellant's injury was sufficiently related to the use of the trailer as a vehicle and, therefore, arose out of the maintenance or use of a motor vehicle within the meaning of the no-fault statute.

Reversed.