Stanley L. ANDERSON, Respondent,

v.

AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, possibly known as CNA Insurance Company, petitioner, Appellant,

State Farm Mutual Automobile Insurance Company, petitioner, Appellant.

No. C0-92-1767.

Supreme Court of Minnesota.

Aug. 20, 1993.

Michael W. McNee and Katherine A. McBride, Minneapolis, for American Cas.

R.D. Blanchard, R. Gregory Stephens, Minneapolis, Emilio R. Giuliani, Hopkins, for State Farm.

William E. Jepsen, St. Paul, for respondent.

WAHL, Justice.

We grant review of a decision of the court of appeals for the purpose of reinstating the summary judgment entered in favor of the defendants-petitioners American Casualty Company and State Farm Mutual Automobile Insurance Company. Reversed and judgment reinstated.

On June 2, 1989, Stanley Anderson borrowed a tractor and trailer from R & S Metro, the corporation of which he and Richard Otteson were the sole owners and employees, and a bulldozer from another company, M & M Sewer and Water, intending to use the equipment the following day for the construction of a retaining wall at his personal residence. He loaded the bulldozer on the trailer and drove the equipment to his home, where it sat overnight in an open field. The following morning, he walked onto the trailer, took the seat of the bulldozer and, as he attempted to drive it forward off the trailer, was injured when the bulldozer slipped sideways and fell on its side over the trailer's guardrail.

At his deposition, Anderson testified that he lost control of the bulldozer because early morning dew had accumulated on its treads, making them slippery. He specifically responded to inquiries about the mechanical condition of both the trailer and the bulldozer, stating that neither was in a defective condition and that he assumed the dew he had observed on the bulldozer's treads was the cause of the accident.

Anderson commenced this action to recover no-fault benefits from State Farm, the insurer of his personal automobile, and from American Casualty, the insurer of both the tractor and trailer owned by R & S Metro. In granting the defendant-insurers' motions for summary judgment, the

trial court concluded that the bulldozer was not, but that the tractor and trailer were, "motor vehicles" within the meaning of Minn.Stat. § 65B.43, subd. 2, and that the injury did not arise out of the maintenance or use of a motor vehicle.

The court of appeals reversed, holding that the injury was "sufficiently related" to the use of the trailer as a motor vehicle so as to arise from the maintenance or use of a motor vehicle within the meaning of Minn.Stat. § 65B.43, subd. 3 (1990). *Anderson v. American Casualty Co.*, 497 N.W.2d 302, 304 (Minn.App.1993). We disagree.

By operation of Minn.Stat. § 65B.44, subd. 1, basic economic loss benefits are payable to those who have sustained injuries arising out of the maintenance or use of a motor vehicle. The phrase "maintenance or use of a motor vehicle," defined in Minn.Stat. § 65B.43, subd. 3, has been the subject of considerable discourse. Over the years, the definition has been judicially refined, always with reference to the unique factual settings in which these claims arise. See *Associated Indep. Dealers, Inc. v. Mutual Serv. Ins. Cos.*, 304 Minn. 179, 229 N.W.2d 516 (1975).

In our view, lacking here is the use of a motor vehicle for transportation purposes and the inability to characterize any motor vehicle as an "active accessory" to the injury sustained. *Holm v. Mutual Serv. Casualty Ins. Co.*, 261 N.W.2d 598, 603 (Minn. 1977). The trial court determined that the truck and trailer were the "motor vehicles" for the statutory purposes and that the bulldozer was not. Plaintiff's own testimony was that the bulldozer and trailer were not in a defective condition, rather that the dew accumulated, not on either of the motor vehicles, but on the bulldozer's treads, and caused the bulldozer to slip as Anderson attempted to move it. With precise reference to that testimony, the appellate court's reliance on *Petrick v. Transport Ins. Co.*, 343 N.W.2d 876 (Minn.App. 1984), *pet. for rev. denied* (Minn. April 24, 1984) is misplaced.

In *Petrick*, a driver preparing to unload a vehicle slipped on oil which had accumulated on the trailer's surface. Recognizing that the oil spillage was undoubtedly attributable to the use of the vehicle for transportation purposes, the court identified the requisite causation between the condition of the motor vehicle and the injuries sustained. *Id.* at 879. In the matter before us, the injured party has not asserted any condition of a motor vehicle as related to his injuries, but, instead, that the condition of the dew-laden bulldozer—not a motor vehicle—caused the slippage. The court of appeals, while acknowledging the injured party's own limited testimony, then inappropriately determined that the injuries were in some manner related to the use of a motor vehicle. That determination is erroneous. Where, as here, the record demonstrates no causal connection between injuries sustained and the maintenance or use of a motor vehicle, the defendant insurer is entitled to summary judgment.

Reversed and judgment reinstated.

COYNE, J., took no part in the consideration or decision of this case.