CLARK HAYDEN AND ANOTHER, d.b.a. HAYDEN MARINE SUPPLY COMPANY, v. LOUISE NISEN AND ANOTHER. THE MARYLAND CASUALTY COMPANY, APPELLANT.

148 N. W. (2d) 366.

February 3, 1967—No. 40,116.

*Montague, Applequist, Lyons, Nolan, Donovan & Knetsch* and *Charles T. Barnes*, for appellant.

*O'Leary, Trenti, Berger & Carey* and *Thomas H. Carey*, for respondent Nisen.

*Greenberg & Greenberg* and *Malcolm H. Greenberg*, for respondent plaintiffs.

ROGOSHESKE, JUSTICE.

Plaintiffs sued defendants alleging a breach of an agreement to provide insurance protection for damage to property caused by accident in the operation of their business of selling boats, outboard motors, and fishing equipment. By stipulation, the parties reserved the issue raised by the pleadings upon which they sought to reform an insurance policy and submitted to the court the sole issue of whether the comprehensive general liability policy issued by defendant Maryland Casualty Company through its agent, defendant Louise Nisen, provided coverage for damages to a customer's property which was still within plaintiffs' custody and control. The accident occurred off plaintiffs' business premises. The court held the policy covered the loss and judgment in the stipulated amount of $1,193.75 was entered. The insurance company appeals.

During the term of the policy, plaintiffs were delivering a customer's fishing equipment, including a boat and outboard motor, upon plaintiffs' boat trailer attached to their truck. After leaving plaintiffs' premises and while transporting the equipment upon the highway, the trailer became unhitched and the customer's equipment was damaged to the extent of $1,193.75. The insurance company denied coverage for the damages, contending that the accident causing the loss was expressly excluded under multiple provisions of the policy.

Except for disclosures made upon oral argument and a deposition by plaintiff Clark Hayden, the record is incomplete, and the reasons underlying the trial court's determination are wholly unrevealed. We would be inclined to remand the case for retrial under such circumstances were we not persuaded that upon a reading of the language of the policy alone the policy clearly excluded liability for damages caused by an accident occurring off the business premises during the delivery of property by automobile.

Plaintiffs as well as the defendant-agent concede, as they must, that

the policy by its terms does not apply to accidents involving the use of automobiles occurring off the business premises. The definition of "automobile" also includes a "trailer." Generally speaking, the coverage afforded was liability for damages caused by accident in the operation of the business and was not an automobile liability policy covering accidents arising out of the operation of a motor vehicle off the premises.

It was argued that an endorsement attached to the policy relating to "products hazard," defined in the body of the policy as "goods or products * * * sold, handled or distributed" by the insured, modified the definition of the word "operations," also defined in the body of the policy, so as to afford coverage to plaintiffs for damages resulting from the accident in question. Apart from this endorsement, the policy coverage for "products hazard" is intended to protect the insureds against liability for damages from any "accident" occurring away from the insureds' premises and after possession of the goods has been relinquished and after the insureds' "operations" with respect to the goods handled or sold have been "completed or abandoned." As such, we fail to see how such coverage can have any application to the accident which occurred since the "goods or products" were in the physical possession of the plaintiffs. Moreover, the paragraph defining the word "operations" includes this condition:

"* * * [T]he following shall not be deemed to be 'operations' within the meaning of this paragraph: (a) pick-up or delivery, except from or onto a railroad car, * * *."

The endorsement relied upon reads as follows:

"It is understood and agreed that the word 'operations' as used in the products hazard includes any act or omission in connection with operations performed by or on behalf of the named insured *on the premises* or elsewhere, whether or not goods or products are involved in such operations.

"Effective on and after DECEMBER 28, 1961.

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, limits or conditions of the policy, except as hereinbefore set forth." (Italics supplied.)

As we read the policy, the endorsement merely extends coverage with respect to "products hazard" to the insureds' operations on their premises as well as away from the premises. We are not persuaded that this in any way conflicts with the express exclusions of liability for damages caused by accident involving the use of an automobile or trailer or for operations involving the delivery of equipment to a customer other than from a railroad car. The words "act or omission," used in the endorsement as a substitute for the word "accident," do not enlarge the coverage under the "products hazard" provisions of the policy. While it is true that the customer's property was exposed to the hazards incident to delivery by automobile, the policy expressly excluded protection to the insureds for such hazard, presumably on the basis that coverage for such risks is customarily included in an automobile liability policy with the premium rated accordingly.

Contrary to plaintiffs' claim, we find no conflict in the printed provisions of the policy with any terms added thereto by typewritten insertion, and thus there is no basis for application of the rule of Biwabik Concrete Aggregate Co. v. United States F. & G. Co. 206 Minn. 239, 288 N. W. 394, to resolve such conflicts where they exist.

Adhering strictly to the parties' stipulation and limiting our disposition to an interpretation of the language of the policy alone, we hold that the policy did not provide coverage for the damage to the customer's property. Accordingly, the case must be remanded for trial of the issue pleaded and reserved by the parties.

Reversed and remanded.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.