PROGRESSIVE CASUALTY
INSURANCE COMPANY,
Respondent,

v.

Richard HOEKMAN, Respondent.

Electrolux, Inc., et al., Appellant,

Richard Modert, Respondent.

No. C5–84–1220.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Patrick C. Cronan, Minneapolis, for Progressive Cas. Ins. Co.

Richard Hoekman, pro se.

Marcus R. Magnuson, St. Paul, for Electrolux, Inc., et al.

Emmett D. Dowdal, White Bear Lake, for Richard Modert.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Respondent Progressive Casualty Insurance Co. commenced this declaratory judgment action to determine whether an automobile policy issued to appellant Richard Hoekman covered the injuries sustained by Ralph Modert on January 2, 1982. Pro-

gressive contends that Modert's injuries did not arise out of the ownership, maintenance or use of Hoekman's automobile. The trial court agreed and granted Progressive's motion for summary judgment. We reverse.

## FACTS

The facts are undisputed. Richard Hoekman was employed as a door-to-door salesman with Electrolux, Inc., a vacuum cleaner sales company. On January 2, 1982, Hoekman drove to Modert's residence when it was snowing and the roads were icy. Upon entering the driveway, Hoekman was unable to stop his car and ran into Modert's garage. The impact caused the door to spring up approximately one foot and forced the top panel of the door off the roller track. Hoekman then backed his car away from the garage door.

Modert and Hoekman inspected the garage door and then went inside Modert's home. After a short conversation, Modert requested that Hoekman assist him in adjusting the garage door. As both men pushed down on the garage door, it collapsed and fell, striking Modert in the back, causing his injuries. Modert commenced an action against Hoekman and Electrolux for the injuries sustained.

At the time of the accident, Hoekman's car was insured by respondent Progressive Casualty Insurance Co. Electrolux carried a business auto policy and a comprehensive business liability policy issued by Aetna Casualty and Surety Co. Progressive Casualty commenced a declaratory judgment action to determine whether it had a duty to defend or indemnify Hoekman or Electrolux under the policy issued to Hoekman. The trial court granted summary judgment for Progressive Casualty, concluding the injuries sustained by Modert did not arise out of the ownership, maintenance or use of Hoekman's automobile. Aetna and Electrolux appealed.

## ISSUE

Did the injuries sustained by Modert arise out of the use, maintenance or ownership of Hoekman's automobile?

## ANALYSIS

The policy issued by Progressive covered bodily injury or property damage caused by an accident and resulting from the "ownership, maintenance or use" of Hoekman's automobile. Progressive argues that Modert's and Hoekman's actions to adjust the garage door constitute a second accident which was independent from Hoekman's vehicle sliding into the door, thereby precluding coverage. On the other hand, Electrolux and Aetna argue the act of striking the garage door by Hoekman's automobile directly caused Modert's injuries and, therefore, arose out of the use or maintenance of a motor vehicle. We agree with Electrolux and Aetna.

■ "[F]or an injury to arise out of the use of an automobile, it must be causally related to the employment of the vehicle for transportation purposes" and "the vehicle itself must be an active accessory to the injury sustained." *Holm v. Mutual Service Casualty Insurance Co.*, 261 N.W.2d 598, 603 (Minn.1977). The causal connection is met if "the injury is a natural and reasonable incident or consequence of the use of the vehicle." *Haagenson v. National Farmers Union Property and Casualty Co.*, 277 N.W.2d 648, 652 (Minn.1979); *see Tlougan v. Auto-Owners Insurance Co.*, 310 N.W.2d 116, 117 (Minn.1981).

In *Waseca Mutual Insurance Co. v. Noska*, 331 N.W.2d 917 (Minn.1983), several fires occurred when sparks flew from uncovered barrels of hot ashes which were on a trailer towed by a pickup truck. The supreme court concluded the fires would not have happened "but for" the use of the truck, even though the act of placing live embers in the barrels was nonvehicle-related conduct.

> This case involves an extraordinary fact pattern: two separate and independent acts concurred to cause the accident, and each act was necessary to cause the damage.

*Id.* at 920. Thus, the fires arose from the use and operation of the vehicle, a vehicle-related cause. *Id.*

Here, Hoekman's vehicle striking the garage door was the vehicle-related cause. Hoekman and Modert's attempt to adjust the garage door causing it to collapse and fall, was the nonvehicle-related cause. These were two separate acts which concurred to cause the accident and injury.

Applying *Waseca Mutual's* "but for" test, it is clear from the record that the garage door would not have collapsed and struck Modert but for it having first been struck by Hoekman's car. Therefore, the use of Hoekman's vehicle "was a contributing, indeed necessary, cause" of Modert's injuries. *See Waseca Mutual,* 331 N.W.2d at 920.

Progressive asks this court to look at the overall picture one frame at a time, arguing Hoekman's vehicle was not involved in any way in Modert's injuries. We disagree. We must look at the circumstances from beginning to end when analyzing the causal relationship between the employment of Hoekman's automobile and the injuries suffered. Two acts concurred to cause the accident and each was necessary to cause the injuries.

### DECISION

The link between the use of Hoekman's car and the garage door striking Modert was sufficient to bring the injuries sustained by Modert within the coverage afforded by Progressive Casualty's policy.

Reversed.

HUSPENI, J., dissents.

HUSPENI, Judge, dissenting.

I respectfully dissent and would affirm the trial court. The vehicle was the cause of the damage to the garage door. However, Modert's injuries resulted from a second incident, one occurring after Hoekman exited his vehicle, entered Modert's home, engaged in conversation with Modert after both men left the home, entered the garage, and attempted to adjust the garage door. The cause of Modert's injury was the garage door falling upon him. I believe the events occurring between the damage to the garage door and Modert's injuries "broke the causal link between the use of the vehicle and the injuries inflicted." *Holm v. Mutual Service Casualty Insurance Company,* 261 N.W.2d 598, 603 (Minn.1977).