**Sophie Sue BARRY, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

No. C4–85–2269.

Court of Appeals of Minnesota.

April 29, 1986.

Review Denied June 30, 1986.

Patrick K. Horan, Michael C. Snyder, Meshbesher, Singer & Spence, Ltd., Minneapolis, for appellant.

Eric Magnuson, Jeanne H. Unger, Rider, Bennet, Egan & Arundel, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG, and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Insured brought suit against no-fault carrier alleging she suffered injuries that arose out of the maintenance or use of her automobile. The insured appeals from a summary judgment for the no-fault carrier. We reverse.

## FACTS

On the morning of March 15, 1982, appellant Sophie Sue Barry went to her garage to start her car. The sidewalk leading toward the garage was covered with ice, and there were also patches of ice outside the garage. Appellant opened the garage door, entered her car, backed out of the garage, stopped the car and placed the car in park. She left the car running with the lights on, and then left the car to close the garage door. After closing the door, appellant walked back to her car. When she was between the front left wheel and the driver's door of the car, she slipped and fell on the ice, seriously injuring her leg. She was approximately an arm's length away from the car when she slipped, and she was close enough to have struck the car when she fell, but she does not remember whether she physically struck the car.

Appellant brought suit against respondent Illinois Farmers Insurance Company, claiming her injuries were covered by her no-fault insurance. The parties stipulated to the facts and both brought summary judgment motions. The trial court granted summary judgment for the respondent, holding that the injury did not arise out of the use or maintenance of appellant's car.

## ISSUE

Did appellant's injury arise out of the maintenance and use of her motor vehicle thus entitling appellant to No-Fault benefits?

## ANALYSIS

Minn.Stat. § 65B.46, subd. 1 (1984) provides that an individual is entitled to no-fault benefits for injuries "arising out of maintenance or use of a motor vehicle." "Maintenance or use of a motor vehicle" is defined as "maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it." Minn.Stat. § 65B.43, subd. 3 (1984). Be-

cause the determination of whether an individual's injuries arose out of the maintenance or use of a vehicle is a legal conclusion, this court is not bound to defer to the trial court. *See North River Insurance Co. v. Dairyland Insurance Co.,* 346 N.W.2d 109, 113 (Minn.1984).

 The mere fact that an accident occurred while the injured party was on, in, or near an automobile is not of itself dispositive. *Waldbillig v. State Farm Mutual Automobile Insurance Co.,* 321 N.W.2d 49, 51 (Minn.1982). There must be some causal connection between the injury and the use of the vehicle for transportation purposes. *Waseca Mutual Insurance Co. v. Noska,* 331 N.W.2d 917, 920 (Minn.1983). That causal connection is less than proximate cause and is established if the injury is a natural and reasonable consequence of the use of the vehicle. *Tlougan v. Auto-Owners Insurance Co.,* 310 N.W.2d 116, 117 (Minn.1981). Furthermore, the vehicle must be an "active accessory" to the injury sustained. *Holm v. Mutual Service Casualty Insurance Co.,* 261 N.W.2d 598, 603 (Minn.1977). Each case must, to a great degree, depend on the particular facts presented. *Associated Independent Dealers, Inc. v. Mutual Service Insurance Companies,* 304 Minn. 179, 182, 229 N.W.2d 516, 518 (1975).

Respondent contends that appellant's parked car was not an active accessory to appellant's injuries. Respondent notes that the car was stationary and that appellant admittedly does not even remember whether she made contact with the vehicle. Respondent contends that appellant merely slipped on some ice and that the presence of the car in the driveway was merely fortuitous. Because the car was not an active accessory to appellant's injuries, respondent argues that recovery should be denied.

 Respondent would have us view the incident as if it were a photograph. Because the photograph would show that appellant slipped on the ice and was not actually in the car, respondent argues that the injuries did not arise out of the use or maintenance of appellant's car. We do not agree that the incident should be viewed in such an isolated manner. Instead we must look at the circumstances from beginning to end to analyze the relationship between the use of appellant's car and the injuries suffered. *See Progressive Casualty Insurance Co. v. Hoekman,* 359 N.W.2d 685, 687 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Mar. 21, 1985).

 Viewing the incident in its entirety, it is clear that appellant's injuries arose out of the use or maintenance of her car. Everything that appellant did was part of a routine that many people experience when using their car. Appellant was in the process of driving to work. After she pulled out of her garage she had to stop her car and temporarily leave it to close the garage door. Closing the garage door in this manner, and without the aid of a garage door opener, is a natural, ordinary and routine procedure. Appellant then proceeded back to her car, which she was going to drive to work. Unfortunately, as she was about to reenter her car and while she was very close to the door, she slipped on ice and was injured. Her use of the car was clearly an active accessory to the injury.

## DECISION

Because we find that appellant's injuries arose out of the use or maintenance of her car, we reverse.

Reversed.

FORSBERG, J., dissents.

FORSBERG, Judge, dissenting:

I respectfully dissent. I would affirm the trial court. There is no connection between the injury and the use of this vehicle for transportation (*Waseca*). The injury is not a natural and reasonable consequence of use of the vehicle (*Tlougan*) nor is the vehicle an "active accessory" (*Holm*). Respondent's observation that the vehicle's presence in the driveway was fortuitous, has merit. The ice was both the necessary and sufficient "cause" and "in-

strumentality" of plaintiff's accident. Even *Progressive Casualty Insurance Co. v. Hoekman*, 359 N.W.2d 685 (Minn.Ct. App.1984), *pet. for review denied* (Minn. March 21, 1985), is distinguishable. There, at least the vehicle hit the garage door, which door later caused plaintiff's injury.