**HORACE MANN INSURANCE COMPANY, Appellant,**

v.

**Earl GOEBEL, Respondent.**

**No. C0–93–631.**

Court of Appeals of Minnesota.

Aug. 17, 1993.

---

Charles T. Gholl, Strifert Law Firm, Minneapolis, for appellant.

Craig A. Goudy, Cox & Goudy, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and SHORT and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge.

Appellant Horace Mann Insurance Company challenges the trial court's determination that its insured, respondent Earl Goebel, is entitled to no-fault economic loss benefits. We affirm.

## FACTS

Appellant commenced this declaratory judgment action seeking a determination whether its insured, respondent Earl Goebel, is entitled to no-fault economic loss benefits under the Minnesota No–Fault Automobile Insurance Act. The parties stipulated to the following facts:

1. On October 20, 1988, Earl Goebel brought his 1988 Plymouth van into Fergus Motors, which is located in Fergus Falls, Minnesota, for certain repairs.

2. Mr. Goebel left his van with maintenance personnel. The van subsequently was taken inside the dealership for servicing.

3. As he was leaving the dealership, Mr. Goebel realized he had left his coat and camera in the vehicle. As a result, he went back into the garage and asked the maintenance supervisor if he could get his coat and camera.

4. The maintenance supervisor escorted Mr. Goebel to his van which had been placed on a hydraulic lift and raised into the air. The supervisor lowered the van to the ground and Mr. Goebel entered the van to retrieve the items which were underneath a seat.

5. With Mr. Goebel in the van on his hands and knees, the supervisor left to take a phone call. Shortly thereafter, a mechanic returned to his work bench, saw the van on the ground and raised the van on the hydraulic lift without Mr. Goebel's knowledge. Mr. Goebel then stepped out of the van, falling approximately five to six feet to the floor thereby injuring himself.

The trial court granted summary judgment for respondent after determining that his injuries arose out of the "maintenance or use of a motor vehicle," thus entitling him to no-fault economic loss benefits. Judgment was entered and this appeal followed.

## ISSUE

Did the trial court err in determining that the exclusion in Minn.Stat. § 65B.43, subd. 3(1) (1988) applies only to employees involved in the business of servicing vehicles, thereby entitling respondent to no-fault economic loss benefits?

## ANALYSIS

Under the Minnesota No–Fault Automobile Insurance Act:

Basic economic loss benefits shall provide reimbursement for all loss suffered through injury arising out of the *maintenance or use of a motor vehicle.*

Minn.Stat. § 65B.44, subd. 1 (1988) (emphasis added).

Appellant does not challenge the trial court's finding that the three factors of the "maintenance or use question" have been met. *See Continental W. Ins. Co. v. Klug,* 415 N.W.2d 876, 878 (Minn.1987). Therefore, resolution of the issue in this case requires interpretation of the Minn.Stat. § 65B.43, subd. 3(1) (1988) exclusion language. Subdivision 3 provides:

> Maintenance or use of a motor vehicle does not include (1) *conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises,* or (2) conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into or alighting from it.

(Emphasis added.)

■ Where the trial court applies the language of a statute to a set of undisputed facts, the trial court's conclusion is one of law and does not bind this court. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

■ Appellant argues that respondent's injury arose on the business premises and out of the conduct of business employees engaged in repairing, servicing or maintaining respondent's vehicle within the meaning of Minn.Stat. § 65B.43, subd. 3(1). Thus, appellant contends that under the clear terms of the statute, the exclusion applies to respondent and prohibits him from receiving no-fault benefits. Conversely, respondent argues that because his "conduct" was not within the course of a business repairing, servicing or maintaining his motor vehicle, the exclusion does not apply to him and therefore he is entitled to no-fault benefits.

In other words, appellant claims the exclusion extends to anyone who is injured by the "conduct" of a business on the business premises and in the course of repairing, servicing or maintaining motor vehicles. Respondent claims an injury arising out of such "conduct" refers only to injuries to the business's employees.

Appellant cites the only Minnesota case which refers to the Minn.Stat. § 65B.43, subd. 3(1) exclusion, *Midwest Family Mut. Ins. Co. v. Karpe,* 430 N.W.2d 856 (Minn. App.1988), *pet. for rev. denied* (Minn. Dec. 21, 1988). *Karpe,* however, provides no support for appellant. The insured in *Karpe* was injured by a co-worker on the employer's premises but not within the course of the motor vehicle repair business as the work was not for the business but was private work while the employees were off duty.

The definition of "maintenance or use of a motor vehicle" in Minn.Stat. § 65B.43 is derived verbatim from the definition in the Uniform Motor Vehicle Accident Reparations Act, 14 U.L.A. § 1(a)(6) (1972). We agree with Professor Steenson, that based on the comments to the Uniform Act, the exclusion focuses solely on the conduct of an employee of a service station. *See* 1 Michael K. Steenson, *Minnesota No–Fault Automobile Insurance* 55 (1989).

There is case law from other jurisdictions with identical no-fault provisions as Minnesota to support appellant's position. *See, e.g., Monaghan v. Pennsylvania Mfrs'. Ass'n Ins. Co.,* 301 Pa.Super. 419, 447 A.2d 1037 (Pa.Super.Ct.1982) (no-fault benefits denied to insured injured on the premises of a repair facility while work was being performed on vehicle).

These holdings, however, do not fairly recognize and respond to the separate risks addressed by the different benefit schemes provided for employees and motor vehicle users. We agree with the dicta in *Southern Guar. Ins. Co. v. Morris,* 565 F.Supp. 225, 227 (N.D.Ga.1982), in which the court opined that the exclusion applies only to injured employees.

The construction proposed by appellant would create a gap in no-fault coverage and would relegate someone in respondent's position to a traditional negligence action against the service station. In some cases, however, an injured person may not be able to recover in a negligence action if culpability cannot be established or where the anticipated recovery is not sufficient to

justify the expense of litigation. Thus, to recover, the injured person would have to undertake precisely the kind of negligence action which the no-fault statute was specifically designed to eliminate. *See* Minn. Stat. § 65B.42(4) (1988).

Additionally, we note the similarity between no-fault benefits and workers' compensation benefits, to wit: immediate payment of scheduled benefits without suit whether common law actions are available or not. *See id.;* Minn.Stat. § 176.001 (1988). Our interpretation of the exclusion gives full effect to both statutory schemes of providing immediate benefits without suit—an injured insured may recover no-fault benefits and an injured employee may collect workers' compensation benefits. Thus, this interpretation also responds to the apparent legislative intent to provide for the full application of each of these two benefit schemes within the scope of their separate concerns—on-the-job injured employees and injured motor vehicle users. *See* Minn.Stat. § 645.16 (1988) (object of construction of all laws is "to ascertain and effectuate the intention of the legislature").

## DECISION

The trial court properly determined that the exclusion in Minn.Stat. § 65B.43, subd. 3(1) prohibits no-fault economic loss benefits only to employees engaged in the business of repairing, servicing or maintaining motor vehicles while on the business premises. Accordingly, the trial court properly determined that respondent is entitled to no-fault economic loss benefits.

**Affirmed.**