Nancy K. KONCHAL, Appellant,

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY,**
Respondent.

No. C2–93–1151.

Court of Appeals of Minnesota.

Nov. 16, 1993.

Mary C. Ivory, Diana M. Olson, Lyons, Sawicki, Neese, P.A., St. Paul, for appellant.

James T. Martin, Gislason, Martin & Varpness, P.A., Edina, for respondent.

Considered and decided by RANDALL, P.J., and DAVIES and FLEMING,* JJ.

## OPINION

DAVIES, Judge.

Appellant contests summary judgment for no-fault insurer, arguing that the back injury she sustained while turning to reach the door handle arose out of the use of a motor vehicle. We reverse and remand.

## FACTS

In her deposition, appellant Nancy Konchal stated that after shutting off her car ignition and turning to reach the door handle, she felt "a severe sharp pain in [her] lower back." In Konchal's words, she had just "turned [her] body enough to turn to the door." Although she had her hands on the door, she had not yet touched the door handle when the pain occurred.

Konchal filed this declaratory judgment action, seeking a determination that she is entitled to reimbursement for medical expenses and lost wages from her no-fault insurer, respondent Western National Mutual Insurance Company. Under the policy, Western National agrees to pay benefits in accordance with Minnesota's no-fault act for expenses stemming from bodily injury "caused by an accident arising out of the maintenance or use of a 'motor vehicle.'"

After reviewing cross-motions for summary judgment, the district court granted judgment to Western National. The court found that Konchal's back problems did not result from an accident arising out of the use of a motor vehicle, concluding that her car was the mere situs of the injury.

## ISSUE

Does an injury sustained while turning to reach the door handle of a car upon completing a trip arise out of the use of a motor vehicle?

## ANALYSIS

When reviewing an appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). This court owes no deference to the district court's legal determinations. *State Farm Fire & Casualty Co. v. Strope*, 481 N.W.2d 853, 855 (Minn.App.1992), *pet. for rev. denied* (Minn. May 15, 1992).

■ Konchal does not assert the existence of any factual issues that would preclude summary judgment. Rather, she contends that the district court erred in ruling that her back injury did not result from an accident arising out of the use of a motor vehicle and that she, not the insurer, should have been granted summary judgment.

Under Minnesota's no-fault scheme,

every person suffering loss from injury arising out of maintenance or use of a motor vehicle * * * has a right to basic economic loss benefits.

Minn.Stat. § 65B.46, subd. 1 (1990). Maintenance or use of a motor vehicle

means maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it.

Minn.Stat. § 65B.43, subd. 3 (1990).

The "occupying, entering into, and alighting from" language broadens the scope of "use" to encompass the entire trip from beginning to end. The event here is within the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

scope of that provision. *Cf. Haagenson v. Nat'l Farmers Union Property and Casualty Co.*, 277 N.W.2d 648, 651–52 (Minn.1979) (slipping while opening door is "entering" a vehicle).

■ Minnesota courts apply a three-part test to determine whether an accident arose out of the use of a vehicle. *Continental Western Ins. Co. v. Klug*, 415 N.W.2d 876, 878 (Minn.1987).

■ The first step is to determine whether the vehicle was an " 'active accessory' in causing the injury." *Id.* Causation here means

something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury.

*Tlougan v. Auto–Owners Ins. Co.*, 310 N.W.2d 116, 117 (Minn.1981). "Active accessory" does not mean that a "vehicle actively caused the damage, but that the accident happened because the vehicle's use was actively connected with the injury." *Fire & Casualty Ins. Co. of Conn. v. Illinois Farmers Ins. Co.*, 352 N.W.2d 798, 799 (Minn.App. 1984).

In this case, Konchal claims she sustained the back injury because she twisted to operate the door handle and that this twisting was "use" of the vehicle. We note that the vehicle would constitute the mere situs of the injury if Konchal had suddenly twisted, not to operate an essential piece of the vehicle equipment, but rather from the pain of kidney stones or a muscle spasm, or upon hearing a nearby explosion. Here, however, it was use of the vehicle that necessitated the motion.

Next, we must examine whether "an act of independent significance occurred, breaking the causal link between 'use' of the vehicle and the injuries inflicted." *Klug*, 415 N.W.2d at 878. Here, no such independent act is alleged.

Finally, we must determine "whether the injuries resulted from use of the vehicle for transportation purposes." *Peterson v. American Family Mutual Ins. Co.*, 417 N.W.2d 316, 318 (Minn.App.1988), *pet. for rev. denied* (Minn. Mar. 30, 1988). Courts have interpreted this factor as limiting insurance com-

pany liability "to risks closely associated with motoring." *E.g., Hanson v. Grinnell Mut. Reins. Co.*, 422 N.W.2d 288, 290 (Minn.App. 1988), *pet. for rev. denied* (Minn. June 29, 1988).

Konchal was injured while attempting to leave her vehicle after having driven to her destination. Departing a vehicle is as essential to the vehicle's use as the ride itself. An injury sustained while in the process of alighting from one's vehicle after having driven somewhere clearly is a risk associated with motoring. (That would not be the case if the vehicle were being used as a shelter.)

For these reasons, we hold that the district court erred in ruling that Konchal's injury did not arise out of the "use" of a motor vehicle. Summary judgment should have been granted in her favor.

We note that Konchal has only passed the first hurdle and must now prove in arbitration that the twisting actually caused the injury and the losses claimed and that they are not traceable to a pre-existing condition or to later events.

## DECISION

Because Konchal turned to use part of the vehicle's equipment—the door handle—we hold that her injury arose out of the use of a motor vehicle. She may recover if she sustained her back injury as a result of that turning.

**Reversed and remanded.**

FLEMING, Judge (dissenting).

I respectfully dissent. I agree with the district court's conclusion that Konchal's vehicle was the mere situs of her injury rather than an active accessory. As the majority notes, active accessory means that *"the accident* happened because the vehicle's use was actively connected with the injury." *Fire & Casualty Ins. Co. v. Illinois Farmers Ins. Co.*, 352 N.W.2d 798, 799 (Minn.App.1984) (citations omitted) (emphasis added).

Here, it is difficult to see how the vehicle's use was actively connected with the injury. The motion causing Konchal's injury is one that can be associated with numerous daily

activities having nothing to do with motoring—such as passing a tray of food at the dinner table or even turning over in bed. Moreover, the no-fault statute only applies in the event of an "accident causing injury." Minn.Stat. § 65B.46, subd. 1 (1990). Konchal's injury was not caused by any "accident," but rather by her movement of turning to open the car door.

Finally, Konchal fails to meet the third prong of the use of a motor vehicle test. Reaching to open a car's door handle simply does not constitute a risk "closely associated with motoring."