MEDICINE LAKE BUS COMPANY,
Respondent,

v.

Allen W. SMITH, Appellant.

No. C0–96–949.

Court of Appeals of Minnesota.

Oct. 29, 1996.

Richard W. Johnson, R.W. Johnson—Edina, P.A., Minneapolis, for appellant.

George C. Hottinger, John R. Thomas, Erstad & Riemer, P.A., Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Allen W. Smith filed a no-fault insurance claim with the administrator of a bus company's no-fault self-insurance plan. The administrator denied Smith basic economic loss benefits, and the bus company filed this declaratory judgment action seeking a determination that its self-insurance plan does not cover Smith. The trial judge ordered judgment for the bus company, and Smith appeals. We reverse.

## FACTS

Allen Smith was a passenger on a minicoach 16-passenger bus owned and operated by Medicine Lake Bus Company. When the bus stopped near the intersection of France Avenue and Minnesota Drive, Smith stood up to exit the bus behind several other passengers. As he proceeded to walk down the aisle, Smith grasped the bar above the seat in front of him. At this point, however, he fell forward, hitting his right knee on the floor and striking his forehead on the partition wall located directly behind the bus driver. Prior to and throughout Smith's attempted exit, the bus remained stationary.

As a result of his fall, Smith suffered multiple injuries, including a laceration over his left eye, which later hemorrhaged, a skinned right knee, and other neck and lower back injuries.

## ISSUE

Did Smith's injuries arise out of the use of a motor vehicle, thereby allowing him coverage for no-fault insurance benefits?

## DISCUSSION

On established facts, whether an injury arose out of the use of a motor vehicle is a question of law. *North River Ins. v. Dairyland Ins.*, 346 N.W.2d 109, 113 (Minn. 1984). When the trial court applies the language of a statute to undisputed facts, the trial court's conclusion is one of law, and it does not bind this court. *Horace Mann Ins. v. Goebel*, 504 N.W.2d 278, 280 (Minn.App. 1993).

We are required to determine whether a passenger who sustains accidental injuries resulting solely from the use of a motor vehicle, and not from any non-vehicle-related factors, is entitled to basic economic loss benefits under the no-fault automobile insurance act.

When the legislature enacted the Minnesota No-Fault Act in 1974, its object was to provide basic economic benefit coverage for individuals injured in automobile accidents. *See* 1974 Minn. Laws ch. 408, § 2 (codified at Minn.Stat. §§ 65B.41-.71 (1974)). The no-fault act was intended to provide swift remedies, compensating the injured person's basic needs such as lost wages, medical bills and other economic losses, without reference to fault or resort to lengthy litigation. *See* Peter H. Berge & James R. Schwebel, *The Practitioner's Guide to the Minnesota No-Fault Act* 2 (3rd ed. 1988) (emphasizing that legislature intended no-fault act coverage to address economic distress of injured person efficiently).

To that end, the statutory section governing no-fault insurance is drafted in simple terms. An insured may recover basic economic benefits under Minnesota's no-fault insurance plan if (1) the insured suffers an "accident causing injury;" and (2) the injury arises out of the "maintenance or use of a motor vehicle." Minn.Stat. § 65B.46, subd. 1 (1988) (first requirement); Minn.Stat. § 65B.44, subd. 1 (1988) (second requirement). The no-fault act defines "maintenance or use of a motor vehicle" as

> [the] maintenance or use of a motor vehicle as a vehicle, including, *incident to* its maintenance or *use as a vehicle, occupying, entering into, and alighting from it.*

Minn.Stat. § 65B.43, subd. 3 (1988) (emphasis added). Plainly stated, if the vehicle was being used for transportation purposes and the facts fit within the statutory language, coverage for basic economic benefits under the no-fault act applies; if not, there is no coverage.

In entering judgment for the bus company, the trial court appears to deviate from basic no-fault statutory requirements. Language in the order reveals that the court possibly

relied on a proximate cause standard. Specifically, the court stated, "[d]efendant's fall was caused by his own loss of balance, *not from any manner in which the bus was operated.*" The trial court also relied on the fact that "[t]he bus remained stationary from the time [Smith] got up from his seat to exit the bus until [he] fell." While these would be appropriate facts to consider had Smith filed a negligence action against the bus company, they are not germane to this case, which involves only no-fault basic economic loss coverage.

■ Only when a non-vehicle-related incident, factor, or person contributes to the causation of vehicle-related injuries does causation become an issue in the no-fault context. Even then, proximate cause is not the standard. The connection between use and injury in the realm of no-fault insurance rests on intermediate ground, existing as "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury." *Tlougan v. Auto–Owners Ins.*, 310 N.W.2d 116, 117 (Minn.1981).

Under the no-fault causation test, "the vehicle itself must be an *active* accessory to the injury." *Holm v. Mutual Serv. Cas. Ins.*, 261 N.W.2d 598, 603 (Minn.1977) (quoting *National Mut. Cas. Co. v. Clark*, 193 Miss. 27, 7 So.2d 800, 805 (1942)). A causal connection is established if "the injury is a natural and reasonable incident or consequence of the use of the vehicle." *North River Ins.*, 346 N.W.2d at 114.

Minnesota courts have used this test to determine whether certain criminal, negligent, and natural events or persons intervening in no-fault accidents render the vehicles involved mere "situses" of the injuries, thereby precluding recovery under the no-fault act. *See Peterson v. American Family Mut. Ins.*, 417 N.W.2d 316, 319 (Minn.App.1988) (car was not active accessory to murder committed by abductor after insured pulled over to wayside to ask directions); *Continental W. Ins. v. Klug*, 415 N.W.2d 876, 878 (Minn. 1987) (vehicle was active accessory to injury when co-employee drove next to insured's vehicle and shot insured); *Haagenson v. National Farmers Union Property Cas. Co.*,

277 N.W.2d 648, 652 (Minn.1979) (vehicle was causally related to insured's electrocution where insured reached for the car's door handle prior to sliding down embankment onto downed power line); *Engeldinger v. State Auto. & Cas. Underwriters*, 306 Minn. 202, 208, 236 N.W.2d 596, 600 (1975) (car was mere situs of insured's freezing to death while insured slept in car overnight); *Brehm v. Illinois Farmers Ins.*, 390 N.W.2d 475, 477 (Minn.App.1986) (vehicle was active accessory to insured's injuries when insured slipped on oil while washing car windows at service station); *Barry v. Illinois Farmers Ins.*, 386 N.W.2d 299, 301 (Minn.App.1986) (woman who slipped on ice returning to car after shutting garage door was entitled to no-fault benefits because car was active accessory), *review denied* (Minn. June 30, 1986); *Fire & Cas. Ins. v. Illinois Farmers Ins.*, 352 N.W.2d 798, 799–800 (Minn.App.1984) (vehicle was mere situs of gunshot wounds to insured when gun accidentally discharged); *Meric v. Mid–Century Ins.*, 343 N.W.2d 688, 690 (Minn.App.1984) (use of stolen van as getaway vehicle made van active accessory to gunshot wounds thief inflicted on insured while stealing vehicle from him).

Along this line, the bus company argues that the bus was not an active accessory, and therefore there is not a sufficient causal link between the bus and Smith's injuries. We need not make this determination. Because Smith's case fits squarely within the statutory language, application of the "active accessory" analysis here would be superfluous and would frustrate the intent of the no-fault act.

The record shows Smith accidently fell, injuring his forehead, eye, and right knee. He did so while he was occupying and in the process of alighting from a motor vehicle. No non-vehicle-related incidents, factors, or persons contributed to Smith's injuries. In short, Smith suffered an economic loss from an accident resulting in injury, which arose incident to Smith using a motor vehicle. These facts parallel the no-fault statutory language, illustrating the type of injuries the no-fault act was intended to cover. Thus, the claim is more appropriately made within the legislative scheme of reparation for vehicle-

related injuries than left to such medical insurance coverage as may be available. *See* Minn.Stat. § 65B.42 (1988) (listing as a purpose of no-fault act the encouragement of appropriate medical and rehabilitation treatment of accident victim).

 The bus company also argues that, independent of the active accessory question, *Konchal v. National Mut. Ins.*, 511 N.W.2d 447 (Minn.1994), should govern here on its facts. In *Konchal,* the Minnesota Supreme Court summarily held that a person injured when she reached for a door handle to exit her car was not entitled to no-fault benefits. *Id.; see also Konchal v. Western Nat'l Mut. Ins.*, 508 N.W.2d 228 (Minn.App.1993) (including the facts of *Konchal*). However, *Konchal* is distinguishable from the present case. Under the statute, if there is no accident, there is no coverage. *See* Minn.Stat. § 65B.46, subd. 1 (requiring "accident causing injury" for recovery of economic loss benefits). The insured in *Konchal* simply put stress on her back as she turned and reached for the door; no accident caused her injuries. Smith, however, suffered injuries from an accidental fall.

## DECISION

Smith's injuries were incident to the use, as a vehicle, of the bus on which he was a passenger. He was injured when he accidently fell while occupying and alighting from the bus. The no-fault act applies, and Smith is due basic economic loss benefits under the bus company's self-insurance plan.

**Reversed.**