# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A16-1002

Sandra Castillo as Personal Representative of the
Estate of Jose Luis Estrada-Martinez,
Appellant,

vs.

American Standard Insurance
Company of Wisconsin,
Respondent.

**Filed January 17, 2017**
**Affirmed**
**Jesson, Judge**

Hennepin County District Court
File No. 27-CV-15-11939

Matthew Brenengen, Brenengen Law Offices, St. Louis Park, Minnesota (for appellant)

Rylee Retzer-Busselman, Beth K. Bussian, Eden Prairie, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Jesson, Judge.

## S Y L L A B U S

When determining whether repairing or servicing a motor vehicle "occurs off the business premises" for purposes of the no-fault benefits exclusion under Minnesota Statutes section 65B.43, subdivision 3 (2016), a business premises may include a mobile business.

## OPINION

**JESSON**, Judge

Jose Luis Estrada-Martinez died from carbon monoxide poisoning while repairing a customer's tire inside his truck on a winter evening. In this no-fault action seeking personal-injury-protection benefits, appellant challenges the district court's grant of summary judgment to respondent insurer. Because Estrada-Martinez's death arose from conduct occurring on his business premises, so that the relevant statutory exclusion from coverage under Minnesota Statutes section 65B.43, subdivision 3, applies, we affirm.

### FACTS

The undisputed facts establish that on December 12, 2013, Jose Luis Estrada-Martinez was fixing a customer's tire in the cargo bay of Estrada-Martinez's box truck, a 2002 Chevrolet Express, while the truck was parked near a tavern in Edina. Estrada-Martinez was using a gasoline-powered generator to power the tire-changing equipment. He vented the exhaust from the generator through the side of the truck. It was a cold evening, and the truck's loading door was closed. Unfortunately, a leak between the exhaust pipe and the generator's manifold allowed carbon monoxide to enter the cargo area. The generator apparently ran until it ran out of gas. Estrada-Martinez was found unresponsive in the back of the truck, and he was declared dead from carbon monoxide poisoning at Hennepin County Medical Center.

Estrada-Martinez held several jobs. He worked primarily as an independent contractor at Crosstown Auto, making auto-parts deliveries with his box truck. He also had a mobile business performing auto and tire repairs for other customers. He would drive

2

to customers' locations, where he performed maintenance and repairs. Most of this repair work was performed in the rear cargo bay of his truck, where he kept mounting and repairing equipment, including tools, a large compressor, and the gasoline-powered generator. Occasionally, he performed repair work at the garage of his home.

At the time of his accident, Estrada-Martinez was insured under a family automobile policy (no-fault policy) with respondent American Standard Insurance Company. He did not have a separate business insurance policy that covered his mobile auto-repair business.

Following Estrada-Martinez's death, appellant Sandra Castillo, the personal representative of his estate, made a claim for personal-injury-protection benefits for medical and funeral expenses. American Standard denied benefits, asserting that the Minnesota No-Fault Automobile Insurance Act, Minn. Stat. §§ 65B.41-.71 (2016), excludes benefits for injuries or death arising out of the business of maintaining vehicles, and that Estrada-Martinez was on his business premises when the accident occurred.

Appellant commenced an action in district court, and the parties filed competing motions for summary judgment. After a hearing, the district court granted respondent's motion for summary judgment and denied appellant's motion. The district court concluded that no-fault benefits are not recoverable because the accident did not arise out of the maintenance or use of a motor vehicle and because the injury did not occur off business premises.[1] This appeal follows.

---

[1] Because the district court rejected appellant's argument that no-fault benefits were available under these circumstances, it did not address respondent's argument that appellant was not a proper party to bring suit for benefits because Estrada-Martinez's estate

3

**ISSUE**

Did Estrada-Martinez's death while conducting his mobile business occur "off the business premises" under Minnesota Statutes section 65B.43, subdivision 3, so that coverage was provided under his no-fault policy?

**ANALYSIS**

The Minnesota No-Fault Act provides for basic economic-loss benefits for losses suffered through injury "arising out of maintenance or use of a motor vehicle." Minn. Stat. § 65B.46, subd. 1.[2] These benefits are not available for loss arising from conduct that occurs within the course of a business of servicing, repairing, or otherwise maintaining a motor vehicle. Minn. Stat. § 65B.43, subd. 3. There is an exception to the vehicle-repair exception, however, that applies if the conduct "occurs off the business premises." *Id.* Therefore, if Estrada-Martinez's conduct occurred on business premises—in other words, if his truck qualified as "business premises"—the loss is not covered. If, on the other hand, Estrada-Martinez's truck does not constitute business premises because that definition is restricted to businesses operating from a fixed location, the no-fault policy would cover the loss.

The district court granted summary judgment to American Standard, holding that benefits were not available because Estrada-Martinez's conduct occurred on his business

---

was not his dependent and was therefore not entitled to recover survivor's economic loss or survivor's replacement-services loss benefits.

[2] Basic economic-loss benefits cover several different categories of losses, including medical-expense loss, funeral-expense loss, income loss, and replacement-services loss. Minn. Stat. § 65B.44.

4

premises, so that the statutory business-premises exclusion from coverage applies.[3] Summary judgment is proper if, based on the record presented to the district court, there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. We review the district court's grant of summary judgment to determine whether it legally erred in applying the law to the facts presented. *Steinfeldt v. AMCO Ins. Co.*, 592 N.W.2d 877, 879 (Minn. App. 1999).

The interpretation of the No-Fault Act presents a question of law, which this court reviews de novo. *Nelson v. Am. Family Ins. Grp.*, 651 N.W.2d 499, 503 (Minn. 2002). The goal of statutory interpretation is to effectuate legislative intent. Minn. Stat. § 645.16 (2016); *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 278 (Minn. 2000). If a statute's words are free from ambiguity as applied to an existing situation, this court must follow the plain meaning of the statute. Minn. Stat. § 645.16; *Swanson v. Brewster*, 784 N.W.2d 264, 274 (Minn. 2010). But if the statute is ambiguous, meaning that it is susceptible to more than one reasonable interpretation, this court may look beyond statutory language to ascertain legislative intent. *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 73 (Minn. 2012). In so doing, we may consider such matters as the object to be attained and the consequences of a particular interpretation. Minn. Stat. § 645.16 (4), (6).

---

[3] The district court also concluded that Estrada-Martinez's injury did not arise out of the use or maintenance of a motor vehicle under the three-factor test enunciated in *Cont'l W. Ins. Co. v. Klug*, 415 N.W.2d 876, 878 (Minn. 1987). But as the district court pointed out, appellant does not dispute that Estrada-Martinez's conduct occurred within the business of repairing, servicing, or maintaining a motor vehicle.

Minnesota Statutes section 65B.43, subdivision 3, does not define "business premises." Appellant argues that the plain meaning of "business premises" presupposes a fixed business location on designated real property. In some different contexts, Minnesota appellate courts have agreed with that reasoning. The supreme court has described "premises" in the context of the specificity of a search warrant to mean "land and the buildings and structures thereon." *McSherry v. Heimer*, 132 Minn. 260, 263, 156 N.W. 130, 132 (1916). And this court has held that a statutory exception for a handgun-permit requirement that covered a "person's place of business, dwelling house, premises, or . . . land possessed by the person" referred to a fixed business location, not a person's mobile business as a courier. *State v. Palmer*, 636 N.W.2d 810, 812 (Minn. App. 2001) (quotation omitted).

But the definition of "business premises" is not universally tied to real property. For example, the California Supreme Court has concluded that, for purposes of imposing tort liability on a vendor operating an ice-cream truck, the term "premises" may have a flexible meaning, which may not coincide with the real property that the vendor possesses. *Schwartz v. Helms Bakery, Ltd.*, 430 P.2d 68, 73 (Cal. 1967). Here, Estrada-Martinez's did not conduct his vehicle-repair business primarily from a fixed location. Rather, he conducted it mainly from his truck, which contained tire-repair equipment such as a compressor and tools, and which he drove to customers' locations to perform repairs. Therefore, the statutory term "business premises," when applied to Estrada-Martinez's situation, is ambiguous, and we proceed further to examine legislative intent.

The stated purposes of the No-Fault Act are to relieve severe economic distress for uncompensated victims of automobile accidents and to correct abuses and imbalances in the operation of the automobile tort liability system. *Galle v. Excalibur Ins. Co.*, 317 N.W.2d 368, 371 (Minn. 1982); *see* Minn. Stat. § 65B.42. This court has held that the exclusion for conduct within the course of business of repairing vehicles did not preclude coverage when an off-duty employee was conducting repair work on his own personal vehicle, even though the work occurred on his employer's premises. *Midwest Family Mut. Ins. Co. v. Karpe*, 430 N.W.2d 856, 860 (Minn. App. 1988), *review denied* (Minn. Dec. 21, 1988); *see also* Commissioners' Comments, Unif. Motor Vehicle Accident Reparations Act § 1, 14 U.L.A. 48 (2005) (stating that injuries from the activities of business operation are excluded from no-fault coverage if they occur on the business premises; thus, an employee who suffers injury in an accident while test-driving a vehicle would be entitled to basic reparation benefits).

We have also held that the business-premises exclusion applies to injured employees of a business, not to its customers. *Horace Mann Ins. Co. v. Goebel*, 504 N.W.2d 278, 281 (Minn. App. 1993). To hold otherwise would create a gap in no-fault coverage and require an injured customer to sue in a traditional negligence action, an event that the no-fault statute was designed to eliminate. *Id*. at 280-81.

In this case, however, Estrada-Martinez was not an injured business customer. *See id*. Nor was he an employee working on his own personal vehicle or at a location away from the premises where he typically conducts his business. *See Karpe*, 430 N.W.2d at 860. Rather, he was the business owner, and his injury occurred while he was working on

7

a customer's vehicle at his primary business location—his truck's cargo bay. Therefore, when he was working on customers' vehicles in his truck as a part of his business, he did not fall within the category of persons whom the No-Fault Act was designed to protect. *Cf. Horace Mann*, 504 N.W.2d at 281.

We add that a repair business poses injury risks more typically covered by occupational insurance. As one commentator has noted, in a business situation, "[a]lthough [an] injury may arise quite directly out of the maintenance or use of a motor vehicle, the risk of injury is an occupational risk more appropriately covered by other forms of compensation or insurance." Theodore J. Smetak et al., *Minnesota Motor Vehicle Insurance Manual*, § III.F., at 20 (3d ed. 2000). Using similar reasoning, the supreme court, in resolving a liability-coverage dispute, has held that a general-comprehensive-liability business policy afforded coverage for "liability for damages caused by accident in the operation of the business and was not an automobile liability policy covering accidents arising out of the operation of a motor vehicle off the premises." *Hayden v. Nisen*, 276 Minn. 22, 24, 148 N.W.2d 366, 367 (1967). Similarly, it would be reasonable to expect that an auto-repair-business owner would purchase another form of insurance to cover any business-related injuries.

We conclude that "business premises" may include a cargo bay of a truck in which a mobile auto-repair business typically conducts its services. Thus, Estrada-Martinez's injury occurred on "business premises" within the meaning of section 65B.43, subdivision 3, and, therefore, his no-fault policy does not cover the claims asserted by his estate. That Estrada-Martinez's business premises happened to be a mobile truck, rather than a building

located on a certain piece of real property, does not change our analysis. Although Estrada-Martinez was engaged in maintenance of a motor vehicle when he died, the reach of the no-fault statute does not extend to this type of situation, when a party is engaged in business operations and sustains injury while performing work in his primary business location.

It is undeniable that Estrada-Martinez died under tragic circumstances. But the No-Fault Act is a creation of statute, and policy decisions are the province of the legislature, not the courts. *Steinfeldt*, 592 N.W.2d at 880. Because Estrada-Martinez's injury occurred while he was performing repair work for customers in his truck, which was his business premises, the scope of no-fault coverage does not extend to compensation in this case.

## D E C I S I O N

Because Estrada-Martinez's accident occurred on his business premises, the statutory exclusion from benefits for repairing, servicing, or maintaining motor vehicles "unless the conduct occurs off the business premises" applies to the asserted claims for no-fault benefits. *See* Minn. Stat. § 65B.43, subd. 3. The district court did not err by concluding that, as a matter of law, Estrada-Martinez's no-fault policy does not provide coverage for those claims.

**Affirmed.**